## PENSION BENEFIT GUARANTY CORP. et al.

v.

## Morton J. GREENE et al.

### Civ. A. No. 80–688.

United States District Court,
W. D. Pennsylvania.

Aug. 15, 1980.

---

Henry Rose, Washington, D. C., for Pension Benefit Guaranty Corp.

Edward Leckey, Pittsburgh, Pa., for Greene et al.

## MEMORANDUM GRANTING IN PART MOTION FOR MORE DEFINITE STATEMENT

KNOX, District Judge.

In 1937, the federal courts turned their backs upon fact pleading such as is required under Pennsylvania state law. Therefore, plaintiff is only required to give notice to the defendant as to what claims are being pressed and the balance is left up to discovery procedures. See e. g. Form 9 attached to the rules on necessary allegations in a complaint for negligence. It is not required that items of damages be stated item by item as may be required in the state courts. The federal courts have regarded the requirements of Rule 9(g) that "when items of special damage are claimed they shall be specifically stated" as requiring no more than that the categories of damages be set forth. See 2(A) Moore Fed.Prac. 9.08.

With respect to allegations of time, we have a different problem. In 9(f), it is stated that averments of time and place are material and shall be considered like other averments of material damage.

Generally speaking, the Third Circuit Court of Appeals has been very liberal with respect to matters of pleading and has left the parties to discovery and other methods to determine just what is specifically complained of. See *Rannels v. S. E. Nichols, Inc.*, 591 F.2d 242 (3d Cir.1979) where a general statement that the plaintiff has suffered certain types of damage was sustained.

It is peculiar, however, that in this case the complaint contains not one word with respect to the time of the events. They may just as well have occurred in the early years of the Twentieth Century as within the last five or six. It is true that the statute of limitations ordinarily must be set up as an affirmative defense under Rule 8(c) but we agree that defendant cannot do this intelligently without knowing exactly what claims plaintiff is talking about.

On the other hand, we are constantly being importuned to apply the Pennsylvania state laws of pleading in this court and this we decline to do. It is our opinion, however, that under Rule 9(f) some dates or approximate dates should be set forth. We must remember that since the statute of limitations is an affirmative defense, there may be facts which would toll the statute or lull persons to sleep which may have to be considered in determining whether a given claim is within the bar of the statute. We will enter an appropriate order requiring plaintiff to file an amended complaint setting forth approximately the dates on which the events being complained of occurred since without this the defendant will be unable to determine to what extent an affirmative defense shall be filed.

Without this the defendant cannot reasonably be required to frame a responsive pleading.