**Rosalyn LEBEDA, Plaintiff,**

v.

**A.H. ROBINS COMPANY, INC., Defendant.**

**Civ. No. 83–0459 P.**

United States District Court, D. Maine.

Jan. 25, 1984.

Joseph S. Friedberg, Minneapolis, Minn., John Shattuck, Portland, Me., for plaintiff.

James M. Bowie, Daniel R. Mawhinney, Hunt, Thompson & Bowie, Portland, Me., for defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

GENE CARTER, District Judge.

The record in this case reflects that the Defendant filed on January 9, 1984, its Motion for More Definite Statement. No timely or otherwise sufficient objection to the allowance of this motion has been filed by Plaintiff.* Accordingly, pursuant to the provisions of Local Rule 19(b), the Motion for More Definite Statement is hereby GRANTED.

▮ Plaintiff seeks relief of serious injuries and special damage allegedly sustained as a result of Defendant's negligence, strict liability, breach of warranty, misrepresentations and other theories of action, concerning the Dalcon Shield, an IUD manufactured by Defendant. Defendant has moved for a more definite statement of the special damage, stating that the Complaint does not detail what the damages are or when they occurred and that a specific statement is required by Rule 9(g). Plaintiff's Complaint alleges in ¶ 7 that "the Dalcon Shield directly caused and will continue to cause substantial, serious, permanent injury and great pain and suffering to Plaintiff." Although great particularity is not required in pleading special damages, a specific statement is necessary so that Defendant may prepare a responsive pleading and begin its defense. 5 C. Wright and A. Miller, *Federal Practice and Procedure*, § 1311 at 445, 446 (1979); 2A J. Moore, *Moore's Federal Practice*, § 9.08 at 9–58 (1983). Official Form 9 of the Federal Rules of Civil Procedure, which sets out the format for pleading special damage of "medical attention and hospitalization in the sum of $1,000.00," provides a good example of the decree of specificity required. Although the Complaint provides sufficient detail for the Defendant to frame a responsive pleading, the bare allegation of injury does not meet the minimal degree of specificity demonstrated by Official Form 9 and is inadequate to permit Defendant to begin preparing its case. Although hospital and medi-

---

* The filings made by Plaintiff's counsel in this case as of January 25, 1984, can only be taken to represent either a remarkably casual observance of, or a studied disregard for, the requirements of the Local Rules of this Court. First, the Objection to Defendant's Motion for a More Definite Statement and the supporting memorandum thereto are not timely filed under Local Rule 19(b). Second, none of the papers filed are signed by local counsel as required by Local Rule 3(d)(1). Third, the objection is supported by a purported affidavit of out-of-state counsel, which is undated and to which the affiant's oath has not been taken by a notarial officer. Fourth, the memorandum in support of the objection to Defendant's motion is not signed even by out-of-state counsel.

The Local Rules "are applicable in all proceedings in this Court ...." Local Rule 1(a). Documents which do not comply with the Local Rules are subject to being stricken by the Court. Local Rule 1(b). Accordingly, the Court will, by this Order, strike from the record of these proceedings all non-complying papers filed by Plaintiff's counsel on January 25, 1984.

cal expenses might be inferred to be sought from the allegation of injury, the claim of $2,000,000 "compensatory damages" indicates that possible other items of special damage are contemplated by the allegation. Defendant is entitled to notice as to such additional elements. Plaintiff must further amend the Complaint to set forth at least the categories of special damage sought.

It is hereby ORDERED:

(1) That the Plaintiff file within twenty (20) days of the date of this Order a More Definite Statement setting out the dates and occasions upon which she claims to have sustained injury, as well as a specific statement setting forth the nature of such injuries;

(2) That all papers filed on behalf of Plaintiff on January 25, 1984, be, and are hereby, STRICKEN from the record in this action.

So ORDERED.