Joseph J. BRENNAN, Jr., Plaintiff,

v.

**CITY OF MINNEOLA, FLORIDA, etc., et al., Defendants.**

No. 88–177–Civ–Oc–12.

United States District Court,
M.D. Florida,
Ocala Division.

March 13, 1989.

Rick Kolodinsky, Kolodinsky & Berg, New Smyrna Beach, Fla., for plaintiff.

Steven F. Lengauer, Eubanks, Hilyard, Rumbley, Meier & Lengauer, Orlando, Fla., for defendants.

## ORDER DENYING MOTIONS TO DISMISS AND TO ABSTAIN

MELTON, District Judge.

This cause is before the Court on defendants' Motions to Dismiss and to Abstain, filed herein on December 19, 1988. Plaintiff responded with a memorandum in opposition to the motions, filed herein on December 30, 1988. The Court will deny the motions.

Defendants' motions have seven distinct assertions. The first of these is defendants' motion for a more definite statement, which the Magistrate has denied. *See* Order entered January 12, 1989. The Court will address each of the six remaining issues.

■ Defendants' second assertion is that Fla. Stat. § 768.72 bars the claim for punitive damages at this time. Defendant describes the statute as "a neutral and uniformly applicable Rule of Civil Procedure [which] is not a substantive burden." Defendants' Memorandum at 6–7. This description is erroneous. The Florida Supreme Court has considered an argument that § 768.72, which codifies 1986 Fla. Laws, ch. 86–160, § 51, violates the separation of powers provision of the Florida Constitution because the state legislature may not prescribe court procedures. The statute survived scrutiny on the basis that it is "clearly substantive because it sets the standard for establishing a claim for punitive damages." *Smith v. Dep't of Insurance,* 507 So.2d 1080, 1092 n. 10 (Fla.1987)

(adopting and approving trial court opinion on this issue). Consequently, § 768.72 does not apply to a claim for punitive damages in a federal civil rights suit. Rather, the issue is decided by reference to federal law. *See Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); *Gilmere v. Atlanta,* 864 F.2d 734, 739 (11th Cir. 1989); *Rogers v. Saylor,* 306 Or. 267, 278–85, 760 P.2d 232, 239–43 (1988) (*in banc*).

■ Defendants' third assertion is grounded in Fla. Stat. § 768.28(6), a notice of claim statute. However, this statute also does not apply to this suit. The notice of claim requirement of § 768.28(6) is a condition precedent to state law claims against the State of Florida or its political subdivisions, *Commercial Carrier Corp. v. Indian River County,* 371 So.2d 1010, 1022 (Fla.1979), which must be alleged in order to vest jurisdiction, *Menendez v. N. Broward Hosp. Dist.,* 537 So.2d 89 (Fla.1988). Because the statute therefore "conditions [the] right of recovery upon compliance with a rule designed to minimize governmental liability, and that directs injured persons to seek redress from the very targets of the federal legislation," the procedure is preempted by the federal civil rights acts. *See Felder v. Casey,* 487 U.S. 131, 108 S.Ct. 2302, 2314, 101 L.Ed.2d 123 (1988).

■ Defendants' fourth assertion involves the statute of frauds. Under Fed.R. Civ.P. 8(c), statute of frauds is an affirmative defense to be pled as such. An affirmative defense may be raised in a motion to dismiss for failure to state a claim only if the defense is apparent on the face of the complaint. *Hudson Drydocks, Inc. v. Wyatt Yachts, Inc.,* 760 F.2d 1144, 1146 n. 3 (11th Cir.1985). The Court is of the opinion that this is not such a case.

Defendants' fifth assertion challenges the sufficiency of the allegations concerning deprivation of substantive due process. A violation of substantive due process in the public employment context is stated by alleging the "deprivation of a property interest for an improper motive and by means that were pretextual, arbitrary and capricious and, because unrelated to the proper reasons for [termination], without any rational basis." *Hearn v. Gainesville,*

688 F.2d 1328, 1333 (11th Cir.1982) (citations omitted). Defendants' authority is inapposite; it involves a substantive due process claim by an arrestee who was beaten while in custody. *Porter v. Detroit,* 639 F.Supp. 589, 590–91 (E.D.Mich.1986). This Court is satisfied that the Amended Complaint states a claim as construed under the law of this Circuit for the particular context at issue.

■ Defendants' sixth assertion disputes the procedural due process claim. Defendants seek dismissal or abstention. While a claim of this nature does not arise until plaintiff is actually denied a procedure for redress in the state system, *Gilmere v. Atlanta,* 774 F.2d 1495, 1499 (11th Cir. 1985) (*en banc*), *cert. denied,* 476 U.S. 1115, 106 S.Ct. 1970, 90 L.Ed.2d 654 (1986), plaintiff has alleged both pre-termination and post-termination procedural deprivations. *See* Amended Complaint ¶ 9. These allegations are adequate to withstand a motion to dismiss. *See, e.g., Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

■ Defendants' seventh and last assertion concerns the specificity with which plaintiff has pled special damages. As plaintiff correctly notes, federal law covers this point. Items of special damages must be specifically stated, Fed.R.Civ.P. 9(g), but this requires no more than a specific statement that allows defendants to prepare a responsive pleading and begin their defense. *Lebeda v. A.H. Robins Co., Inc.,* 101 F.R.D. 689, 690 (D.Me.1984). The allegations of paragraph eleven serve this function and satisfy Rule 9(g). *Cf. Rannels v. S.E. Nichols, Inc.,* 591 F.2d 242, 247 (3d Cir.1979); *Pension Benefit Guaranty Corp. v. Greene,* 87 F.R.D. 483, 484 (W.D. Pa.1980).

Accordingly, it is

ADJUDGED:

That defendants' Motions to Dismiss and to Abstain are hereby denied.

DONE AND ORDERED.