**Charles R. REYHER, Participant, Plaintiff,**

v.

**TRANS WORLD AIRLINES, INC., Administrator of the Directed Account Plan, Defendant.**

**No. 94–918–Civ–T–17E.**

United States District Court, M.D. Florida, Tampa Division.

April 3, 1995.

William D. Mitchell, Mitchell & Bline, P.A., Tampa, FL, for plaintiff.

Sharyn Beth Zuch and Joseph W. Clark, Shackleford, Farrior, Stallings & Evans, P.A., Tampa, FL, for defendant.

## *ORDER DENYING MOTION TO STRIKE*

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiff's, Charles R. Reyher ("Reyher"), motion to strike affirmative defenses, filed August 30, 1994, (Docket No. 9) and response thereto, filed September 16, 1994, (Docket No. 12).

■ Fed.R.Civ.P. 12(f) provides that, upon motion, the court may order stricken from a pleading an insufficient defense or an immaterial matter. However, a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. *Poston v. American President Lines, Ltd.*, 452 F.Supp. 568, 570 (S.D.Fla.1978); *Bazal v. Belford Trucking Co.*, 442 F.Supp. 1089, 1101 (S.D.Fla. 1977); *Augustus v. Board of Public Instruction*, 306 F.2d 862, 868 (5th Cir.1962). There are no hard and fast rules for determining what constitutes an insufficient defense. An affirmative defense will be held insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove. *Equal Employment Opportunity Comm'n v. First Nat'l Bank*, 614 F.2d 1004, 1008 (5th Cir.1980), *cert. denied*, 450 U.S. 917, 101 S.Ct. 1361, 67 L.Ed.2d 342 (1981). To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is "sufficient" and may survive a motion to strike, particularly when there is no showing of prejudice to the movant. *Augustus*, 306 F.2d at 868. In evaluating a motion to strike, the Court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. *U.S. Oil Co., Inc. v. Koch Refining Co.*, 518 F.Supp. 957, 959 (E.D.Wis.1981).

■ Plaintiff moves to strike Defendant's second affirmative defense which states the Plaintiff's action is barred by his failure to allege exhaustion of administrative remedies under the provisions of ERISA. However, as stated in the order dated November 10, 1993, where this Plaintiff moved to strike Defendant's affirmative defenses in Case No. 93–396–CIV–T–17, which is now consolidated with this case at hand, failure to exhaust administrative remedies is a sufficient defense. Binding case law in this circuit holds that a plaintiff must exhaust administrative remedies before suing under an ERISA plan. *Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1227 (11th Cir.1985), *cert. denied*, 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986). Exhaustion of administrative remedies is a jurisdictional defense that, if meritorious, results in an action being dismissed without prejudice prior to adjudication on the merits. *Hutchinson v. Wickes Companies, Inc.*, 726 F.Supp. 1315, 1322 (N.D.Ga.1989). As stated in this Court's earlier order, it is a question of fact whether Plaintiff pursued the appeal procedures outlined in the employee benefit plan and, in any event, should Defendant prevail on this defense, Plaintiff would suffer no prejudice. To the extent that Defendant's second affirmative defense puts into issue relevant and substantial factual questions with no showing of prejudice to Plaintiff, the defense is sufficient.

■ Next, Plaintiff moves to strike Defendant's third affirmative defense which alleges that the present action was brought for no other reason than to subject Defendant to vexatious and multiple litigation and is duplicative of the allegations the Plaintiff has

attempted to raise in the companion case. Also, the Plaintiff moves to strike Defendant's fourth affirmative defense that Plaintiff's claims are barred by collateral estoppel, waiver, laches, and unclean hands arising from discovery disputes in related litigation between the parties. Both of these affirmative defenses have a possible relationship to this controversy. The Defendant is entitled to prove any set of facts that would support its contentions and the Plaintiff has offered no legal basis or any supporting authority for striking either defense. Therefore, neither the third nor the fourth affirmative defenses of the Defendant should be stricken.

In the sixth affirmative defense, the Defendant asserts that the Plaintiff has not been harmed by any alleged failure of the administrator to provide documents within the statutory time period. Although ERISA does not require that a plaintiff allege harm in an action such as this, the Defendant is entitled to a defense that puts into issue relevant and substantial legal and factual questions when there is no showing of prejudice to the movant. Moreover, it appears that the Defendant may be able to establish a set of facts regarding the retirement plan documents that would require that Plaintiff's motion to strike the sixth affirmative defense be resolved in Defendant's favor. Thus, the Court does not feel that the pleadings support Plaintiff's motion to strike Defendant's affirmative defense, that the Plaintiff has not been harmed, or that the Plaintiff will be prejudiced by the denial of the motion to strike.

The last affirmative defense the Plaintiff moves to strike is Defendant's seventh affirmative defense which alleges the Plaintiff has no standing to bring this action since the Plaintiff has received a payout of his benefits and, thus, is no longer a participant under the plan as defined by ERISA. In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117, 109 S.Ct. 948, 957–58, 103 L.Ed.2d 80 (1989), the Supreme Court looked at ERISA's definition of a participant and concluded that the term participant included employees in, or reasonably expected to be in, currently covered employment, or former employees who have a colorable claim. However, whether or not the Plaintiff is a participant, whether the Plaintiff's payments were the correct amount, and whether he has a colorable claim to some future benefits is a factual issue which is disputed and, therefore, this motion must be resolved in the Defendant's favor. Thus, the Defendant's seventh affirmative defense raises factual disputes that impact legal issues and this defense should not be stricken.

Finally, the Plaintiff states that he has conferred with Defense counsel and that both parties concur on the striking of the word "amended" as it appears in Defendant's first affirmative defense. Accordingly, it is

**ORDERED** that Plaintiff's motion to strike the word "amended" as it appears in Defendant's first affirmative defense be **GRANTED.** It is further,

**ORDERED** that Plaintiff's motion to strike (Docket No. 9) Defendant's second, third, fourth, sixth, and seventh affirmative defenses be **DENIED.**

**DONE and ORDERED.**