**Anthony S. ITALIANO, Salvatore Italiano, Individually and as General Partners of the 29th Street Partnership, a Florida General Partnership, Plaintiffs,**

v.

**JONES CHEMICALS, INC., a New York Corporation, Defendant.**

No. 95–1161–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

Nov. 15, 1995.

---

Maura J. Kiefer, Maura J. Kiefer, P.A., St. Petersburg, FL, for plaintiffs.

Karl Joseph Brandes, Bradford D. Kimbro, Holland & Knight, Tampa, FL, for defendant.

### ORDER ON MOTIONS

KOVACHEVICH, District Judge.

This Cause is before the Court on Defendant's, Jones Chemicals, Inc., Motion to Dismiss Count V of Plaintiffs' Complaint (hereinafter "the Complaint"), and Motion to Strike Plaintiffs' request for attorney's fees, and for special damages in Counts I and II of the Complaint.

Plaintiffs filed the Complaint on July 31, 1995. Plaintiffs allege that Defendant Jones Chemicals, Inc. caused contamination of the 29th Street soils and groundwater as a result of its storage and disposal of pollutants and hazardous substances from its facility. The Complaint sets forth five Counts: Private Nuisance, Trespass, Negligence, Common Law Strict Liability, and Chapter 376 violations. Count V of the Complaint, entitled "Damages Under Chapter 376, Florida Statutes," purports to state a claim for relief under Chapter 376, Florida Statutes.

## MOTION TO DISMISS

Defendant argues that Count V must be dismissed because (1) no private claim for damages exists under Chapter 376, Florida Statutes, and (2) that even if a private claim exists, Chapter 376 cannot be applied retroactively.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the Plaintiff and accept all allegations as true. *Colodny v. Iverson, Yoakum, Papiano & Hatch,* 838 F.Supp. 572 (M.D.Fla. 1993) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Such a motion should be granted only where the plaintiff can prove no set of facts upon which relief could be granted. *National Organization for Women v. Scheidler,* — U.S. —, —, 114 S.Ct. 798, 803, 127 L.Ed.2d 99 (1994).

Defendant argues that "no private claim for damages exists under Chapter 376", citing *Mostoufi v. Presto Food Stores, Inc.,* 618 So.2d 1372 (Fla. 2d DCA 1993), *rev. denied,* 626 So.2d 207 (Fla.1993). In *Mostoufi,* the Second District Court of Appeals held that the statute does not provide for a private right of action for damages from a pollutant discharge when such damages are "unconnected with the clean up or removal of the discharge." *Id.* at 1377. In that case, the plaintiff did not have any other cause of action against a prior owner of the property, and its claim for damages was unconnected with the cleanup or removal of the contamination.

Chapter 376 was enacted in July, 1983, and does create an individual cause of action for damages. However, such damages must be connected with the clean up or removal of the prohibited discharge. (F.S. Chapter 376.205). Further, the act provides that in any suit for damages arising from a prohibited discharge, it is unnecessary for a party to prove or plead negligence. It is only necessary that the person plead and prove the fact of the prohibited discharge. (F.S. Chapters 376.205, and 376.313).

In the case at bar, Count V of Plaintiffs' Complaint states no nexus or any connection with the clean up or removal of the alleged discharge. Plaintiffs assert, in paragraph 65 of their Complaint, that "as a result of the discharge or pollution conditions at the Jones Facility, Plaintiffs have incurred response costs, and other related damages." (Page 12 of Plaintiff's Complaint). Plaintiffs properly seek response costs, which are costs incurred in assessing and containing the damage caused by the solvent contamination. However, Plaintiffs make no mention of any damages incurred as a result of cleaning up or removing the assessed contamination. "To interpret section 376.313(3) to provide for a private right of action for damages from pollutant discharge unconnected with the cleanup or removal of the discharge would impact negatively on the stated purposes of the act." *Id.* at 1377.

Therefore, absent a stated nexus or connection with the clean up or removal of an alleged discharge, no private claim for damages exists under Chapter 376, and Count V must be dismissed with leave to amend.

## MOTION TO STRIKE

Defendant claims the Court should strike Plaintiffs' request for attorney's fees because Plaintiffs have pled no statute or contract that would authorize an award of attorneys fees. Furthermore, Defendant alleges that the Court should strike Plaintiffs' requests

for "special damages" in Counts I and II of the Complaint because Plaintiffs have failed to specifically identify the items of special damages claimed.

■ Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered "time wasters", and will usually be denied unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. *Poston v. American President Lines, Ltd.*, 452 F.Supp. 568, 570 (S.D.Fla.1978); *Bazal v. Belford Trucking Co.*, 442 F.Supp. 1089, 1101 (S.D.Fla.1977); *Augustus v. Board of Public Instruction*, 306 F.2d 862, 868 (5th Cir.1962).

■ In general, the recovery of attorney's fees as damages or costs by the prevailing party to an action is allowed only when provided for by statute or contract, or when a fund has been created and brought into court. *See Duncan v. Pullum*, 198 So.2d 658 (Fla. 2nd DCA 1967); *Martin v. Paskow*, 339 So.2d 266 (Fla. 3d DCA 1976); *P.A.G. v. A.F.*, 602 So.2d 1259 (Fla.1992); *Florida Life Ins. Co. v. Fickes*, 613 So.2d 501, 503 (Fla. 5th DCA 1993).

Plaintiffs request recovery of their attorney's fees in the *ad damnum* clauses of Counts I, II, and IV of their Complaint, as well as paragraph 52(b) in Count III of the Complaint, and the global *ad damnum* clause at the end of the Complaint. However, the only mention of any statutory authority for such requests is found in Plaintiffs Demand for Judgment, where Plaintiffs request recovery of attorney's fees as to Count V pursuant to Section 376.313, Florida Statutes. Nevertheless, Defendant filed a Motion to Dismiss Count V contemporaneously with the filing of this Motion to Strike, and the Motion was granted by this Court.

■ Although Sections 376.205, and 376.313(6), Florida Statutes, provide for the recovery of attorney's fees in actions brought under Chapter 376, Plaintiffs claim under it is disregarded because this Court has previously dismissed Count V of Plaintiffs' Complaint. Given that Plaintiffs identify no applicable statute or contract that would autho-

rize an award of attorney's fees, this Court **grants** Defendant's Motion to Strike Plaintiffs request for attorney's fees, with leave to amend the Complaint.

■ Defendant's last assertion concerns the specificity with which Plaintiffs have pled special damages. Defendant alleges that this Court should strike Plaintiff's requests for special damages in Counts I and II of the Complaint, because Plaintiffs have failed to specifically identify the items of special damages claimed. As Defendant correctly notes, federal law covers this point. Rule 9(g) of Federal Rules of Civil Procedure states that whenever "items of special damage are claimed, they shall be specifically stated." However, Rule 9(g) requires no more than a specific statement that allows Defendants to prepare a responsive pleading and begin their defense. *Brennan v. City of Minneola, Fla.*, 723 F.Supp. 1442, 1444 (M.D.Fla.1989); *Lebeda v. A.H. Robins Co., Inc.*, 101 F.R.D. 689, 690 (D.Me.1984). Counts I and II of Plaintiffs Complaint incorporate the general allegations of paragraphs 1 through 32, which specify the following damages: Property which has been rendered unmarketable (Par. 25); lost business opportunity given the loss of a potential real estate sale (Par. 25); and response costs incurred (Par. 32). These allegations satisfy the special pleading requirement stated in Rule 9(g). Therefore, this Court holds that Defendant's Motion to strike Plaintiffs' request for special damages be **denied.**

## CONCLUSION

This Court has carefully reviewed the record in this case, Defendant's Motion to Dismiss Count V of the Complaint, and the Motion to Strike Plaintiffs' request for attorney's fees, and for special damages. Having examined the memoranda submitted by the parties, the Court concludes that although a private claim for damages does exist under Chapter 376, Florida Statutes, Plaintiffs have not stated a valid cause of action under it. Furthermore, this Court concludes that Plaintiffs have pled no statute or contract that would authorize an award of attorney's fees, and that Plaintiffs have pled special

damages with sufficient particularity. Accordingly it is .

**ORDERED** that Defendant's Motion to Dismiss Count V be **granted** with leave to amend, that Defendant's Motion to Strike Plaintiffs' request for attorneys fees be **granted,** with leave to amend, and that Defendant's Motion to Strike Plaintiffs' request for special damages be **denied.**

**DONE and ORDERED.**