**COCA–COLA FOODS, a division of the Coca–Cola Company, Plaintiff,**

v.

No. 96–358–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

Oct. 7, 1996.

James. B. Murphy, Jr., Daniel F. Molony, William A. Gillen, Jr., Shackleford, Farrior, Stallings & Evans, P.A., Tampa, FL, Timothy Jones Manor, John A. Reed, Jr., Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, FL, Joseph H. Hunt, King & Spalding, Atlanta, GA, L. Joseph Loveland, King & Spalding, Houston, TX, for Coca–Cola Foods.

Mark E. Levitt, Hogg, Allen, Norton & Blue, P.A., Tampa, FL, L. Havard Scott, III, Chaffe, McCall, Phillips, Toler & Sarpy, L.L.P., Miami, FL, John H. Clegg, James A. Babst, Daphne P. McNutt, Virginia Quijada, Chaffe, McCall, Phillips, Toler & Sarpy, L.L.P., New Orleans, LA, for Empresa Comercial Internacional De Frutas S.A.

Mark E. Levitt, Hogg, Allen, Norton & Blue, P.A., Tampa, FL, L. Havard Scott, III, Chaffe, McCall, Phillips, Toler & Sarpy, L.L.P., Miami, FL, John H. Clegg, Chaffe, McCall, Phillips, Toler & Sarpy, L.L.P., New Orleans, LA, for Apul Fruitconsult AG.

Richard H. Webber, Patrick V. Martin, Hill, Rivkins, Loesberg, O'Brien, Mulroy & Hayden, New York City, Darryl R. Richards, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Tampa, FL, for Atalanta Corporation, Pittra, Inc.

L. Robert Bourgeois, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for G.B. International, Inc.

## ORDER ON DEFENDANT G.B.I.'S MOTION TO DISMISS

KOVACHEVICH, Chief Judge.

This cause comes before the Court on the following motions and responses:

1. Defendant G.B. International, Inc. ("G.B.I.") motions, with memorandum in support, to dismiss Counts IV, V, IX, and XIX of Plaintiff Coca–Cola Company's ("Coca–Cola") first amended complaint and to strike request for attorneys' fees, filed July 3, 1996. (Docket Nos. 60–61)
2. Coca–Cola's memorandum in opposition to G.B.I.'s motions to dismiss and to strike request for attorneys' fees, filed on July 19, 1996. (Docket No. 75)

### I. FACTUAL BACKGROUND

G.B.I. has been named as a co-defendant in a multi-count action filed by Coca–Cola on February 21, 1996. Coca–Cola has alleged only three (3) counts against G.B.I.: Count V (breach of contract), Count VIII (breach of express warranty), and Count XI (declaratory judgment for indemnification) (collectively referred to as the "Counts"). (Docket No. 52) This cause of action originated from Coca–Cola's purchase of approximately 865,000 gallons of apple juice concentrate (the "juice"), in part, from G.B.I. Although Coca–Cola contracted to purchase 100% pure juice, it later discovered that the juice allegedly contained what is called "fructiline." (Docket No. 73) Fructiline is a naturally occurring sweetener which is safe for use in foods. (Coca–Cola's amended complaint, Docket No. 52)

### II. MOTION TO DISMISS

G.B.I. now moves to dismiss Counts V, VIII, and XI of Coca–Cola's amended complaint for failure to state a cause of action pursuant to Rule 12(b)(6), Fed.R.Civ.P. More specifically, G.B.I. contends that the

Counts should be dismissed based on: (1) the contradictions in the amount of juice delivered to Coca–Cola by G.B.I. and (2) Coca–Cola's failure to allege that G.B.I. ever accepted the terms and conditions of the contract. The relief sought by G.B.I. is not only unfounded but unsupported by any case law which this Court could find. More importantly, the Court finds that G.B.I.'s motion to dismiss, as well as its motion to strike, needlessly delays the Court's time and borders on a sanctionable offense. In the future, the Court directs all parties in this action to govern themselves according to the Federal Rules of Civil Procedure, specifically Rule 11.

### Standard of Review

On a motion to dismiss, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that a plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Sofarelli v. Pinellas County,* 931 F.2d 718, 721 (11th Cir.1991). *See Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Under the *Scheuer* decision, in ruling on G.B.I.'s motion to dismiss, this Court must view the complaint in the light most favorable to Coca–Cola. 416 U.S. at 232, 94 S.Ct. at 1684–85. The Court is required to make all reasonable inferences in favor of Coca–Cola. *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206–07, 45 L.Ed.2d 343 (1975). In order to prevail, G.B.I. must demonstrate beyond doubt that Coca–Cola can prove no set of facts in support of its claim which would entitle it to relief. *See Conley,* 355 U.S. at 45–46, 78 S.Ct. at 101–02, 2 L.Ed.2d at 80. *See also Nat'l Organization For Women v. Scheidler,* 510 U.S. 249, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994).

The sufficiency of a claim is tested under a Federal Rule of Civil Procedure 56 motion for summary judgment. A Rule 12, Fed. R.Civ.P., motion to dismiss for failure to state a claim does not rise to this level of scrutiny. Thus, the Court must look to the drafting of the complaint as described in Rule 8, Fed.R.Civ.P. "To merit dismissal, the plaintiff's pleading must fail to meet the liberal requirements for pleading a claim set forth in Rule 8(a) which calls for a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Sawinski v. Bill Currie Ford, Inc.,* 866 F.Supp. 1383, 1387 (M.D.Fla.1994).

■ By all means, Coca–Cola has properly alleged a breach of contract claim against G.B.I. Moreover, Coca–Cola has pled the terms of the contract upon which G.B.I.'s liability rests, provided the purchase orders, and alleged specific information to support its breach of contract claim. Therefore, the Court finds no reason to address G.B.I.'s argument concerning the variance between the amount of juice actually delivered and the amount identified in the purchase orders.

In addition, G.B.I. contends that the complaint fails to make a *prima facie* showing that G.B.I. ever accepted the contract (purchase order). Again, G.B.I. is mistaken. The contract clearly states that acceptance occurs "upon the commencement of performance." Moreover, Coca–Cola has alleged in its complaint that G.B.I. delivered the juice (i.e. commencement of performance) and, therefore, this issue is "moot." Accordingly, G.B.I.'s remaining arguments to dismiss Count VIII (breach of an express warranty) and Count XI (declaratory judgment) do not need to be addressed.

### III. MOTION TO STRIKE

G.B.I. claims that the Court should strike Coca–Cola's request for attorneys' fees because Coca–Cola has pled no statute or contract that would authorize an award of attorneys' fees. Furthermore, G.B.I. contends that "because this Plaintiff does not have a contract with G.B.I., Coca–Cola cannot claim attorney fees." (Docket No. 61) Again, G.B.I. is mistaken on the law, the alleged facts, and the contractual provisions.

■ Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored by courts. Such motions are considered "time wasters," as in this case, and will usually be denied unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. *Italiano v. Jones Chemicals, Inc.,* 908

F.Supp. 904, 907 (M.D.Fla.1995). *See Augustus v. Board of Public Instruction at Escambia County, Fla.,* 306 F.2d 862, 868 (5th Cir.1962).

In general, the recovery of attorneys' fees as damages or costs by the prevailing party to an action is allowed only when provided for by statute or contract, or when a fund has been created and brought into court. *Italiano,* 908 F.Supp. at 907. *See Fox v. City of West Palm Beach,* 383 F.2d 189 (5th Cir.1967) (providing that attorneys' fees are not recoverable and cannot be awarded unless provided for by contract or statute). *But see Weisenberg v. Carlton,* 233 So.2d 659, 661 (Fla. 2d DCA) (recognizing an exception to the general rule for awarding attorneys' fees when, under certain circumstances, the presence of fraud and malice furnish a basis for the recovery of attorneys' fees), *cert. denied,* 240 So.2d 643 (Fla.1970). Even though Coca–Cola did not allege in its amended complaint the basis for its demand for attorneys' fees, the "warranty" sections of the purchase orders between G.B.I. and Coca–Cola clearly provide for an award of attorneys' fees in this cause of action. Accordingly it is

**ORDERED** that G.B.I.'s motion to dismiss for failure to state a cause of action and motion to strike Coca–Cola's request for attorneys' fees (Docket Nos. 60–61) be **DENIED.**