Matthew **FISCHLER**, Louis D. Barge
and Alice M. Barge, Plaintiffs,

v.

**AMSOUTH BANCORPORATION**, a foreign corporation AmSouth Bank of Florida, N.A., a foreign corporation and national banking association AmSouth Bank of Alabama, N.A., a foreign corporation and national banking association, and AmSouth Investment Services, Inc., a foreign corporation, Defendants.

**No. 96–1567–CIV–T–17A.**

United States District Court,
M.D. Florida,
Tampa Division.

June 9, 1997.

534

Jonathan L. Alpert, Patrick B. Calcutt, Alpert, Barker & Culcutt, P.A., Tampa, FL, Martin D. Chitwood, Christi C. Mobley, Craig G. Harley, Appel, Chitwood & Harley, Atlanta, GA, for Matthew Fischler.

Judy S. Hoyer, James, Hoyer, Newcomer, P.A., Tampa, FL, Alan Schulman, Jan M.

Alder, Pamela M. Parker, Milberg, Weiss, Bershad, Hynes & Lerach L.L.P., San Diego, CA, M. Clay Ragsdale, E. Ansel Strickland, Law Offices of M. Clay Ragsdale, Birmingham, AL, Steven E. Cauley, Law Offices of Steven E. Cauley, Little Rock, AR, for Louis D. Barge, Alice M. Barge.

G. Calvin Hayes, Frederick Stewart Schrils, Holland & Knight, Tampa, FL, James J. Restivo, Jr., Thomas L. Allen, Gregory B. Jordan, Reed, Smith, Shaw & McClay, Pittsburgh, PA, AmSouth Bank of Florida, AmSouth Bank of Alabama, N.A., AmSouth Investment Services, Inc., AmSouth Bancorporation.

Judy S. Hoyer, James, Hoyer, Newcomer, P.A., Tampa, FL, for Vickie B. Smith.

John R. Bello, Jr., Gibbons, Smith, Cohn & Arnett, P.A., Tampa, FL, for Marketing One, Inc., Marketing One Securities, Inc.

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND THIRD PARTY DEFENDANTS' MOTION TO STRIKE

KOVACHEVICH, District Judge.

This cause is before the Court on the following motions and responses:

Defendants' Second Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt.72)

Plaintiffs' Response to Motion to Dismiss (Dkt.74)

Motion to Strike Portions of Third Party Plaintiffs' Response to Third Party Defendants' Motion to Dismiss (Dkt.78)

Response to Motion to Strike (Dkt.79).

### I. Standard of Review

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that Plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes.* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The allegations in the complaint should be taken as admitted by Defendants and liberally construed in favor of the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969).

### II. Background

On August 12, 1996, Plaintiffs in this action, Matthew Fischler, Louis D. Barge, and Alice M. Barge filed a class action in this Court in connection with a purchase of a nondepository investment product (annuity) from AmSouth. On January 14, 1997, Plaintiffs filed their First Amended Complaint with the following claims: Count I, alleging violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5; Count II, alleging violations of state law antifraud provisions; and Count III, alleging controlling person liability of AmSouth Bancorporation and the AmSouth Banks under Section 20 of the Securities Exchange Act of 1934.

The following facts are asserted in the amended complaint and are relevant to the issues before this Court:

The sale of a non-depository investment product (annuity) was made on or from the premises of a bank operated by AmSouth Bancorporation or its subsidiaries or pursuant to a referral from an employee of AmSouth Bancorporation, during the period January 1, 1993, through August 12, 1996, inclusive. One of the plaintiffs, Mr. Fischler, was 68 years old at the time when he was sold a non-depository investment product (an annuity) by AmSouth Bank of Florida's "investment man." Mr. Fischler is a resident of Bellair Bluffs, Florida. Mr. Fischler alleges that there was no explanation, disclosure, or discussion at the time he was sold the annuity by the "investment man." Mr. Fischler had no investment experience. Mr. Fischler was sold a fifty thousand dollar ($50,000) fixed annuity issued April 18, 1994, from the Keyport Life Insurance Company, at the recommendation of the AmSouth "investment man." The "investment man" failed to timely provide Mr. Fischler with a buyer's guide to annuities and a contract summary as provided in the National Association of Insurance Commissioners (NAIC) Model Annuity and Deposit Fund Regulation, and as re-

quired by Section 626.99(4)(a) of the Florida Statutes.

The written material which was later provided to Mr. Fischler failed to state that the surrender charge would directly and drastically reduce his principal investment. This was material omission of fact in that Mr. Fischler would not have purchased the non-depository investment product had he been informed of the surrender charge. In other words, Mr. Fischler would have left his money in the bank, where it was FDIC-insured.

Mr. Fischler alleges that the "investment man" did not disclose to him the penalty would be against interest and principal upon withdrawal. The "investment man" turned out to be a stockbroker operating on AmSouth premises under the control of AmSouth. The "investment man" is Mr. George M. Palmer, Jr. of Marketing One.

Like Mr. Fischler, Mr. and Mrs. Barge, the other plaintiffs in this class action were also customers of AmSouth Bank. Mr. and Mrs. Barge are elderly residents of Mobile, Alabama. In April of 1993, Mr. Barge gave AmSouth $8,996.94, which purchased 618.722 shares at $14.54 per share of the Putnam U.S. Government Income Trust for his IRA account at AmSouth Bank. At all times, Mr. Barge thought he was dealing with AmSouth Bank of Alabama. Like Mr. Fischler, Mr. Barge also thought that the products he was buying were secured against loss of principal. Mr. Barge was never told of the risks to his principal. The AmSouth employee did not give Mr. Barge a prospectus, or explain the salient points of a prospectus to him at the time of sale, or ever.

On July 12, 1996, Mr. Barge sold his shares of the Putnam U.S. Government Income Trust at $12.43 per share. Mr. Barge alleges that had he known of the risks, fees and expenses, he would not have invested his money in the Putnam U.S. Government Income Trust. Mr. Barge contends the failure to disclose the material facts caused Mr. Barge's damages.

In October of 1993, the Barges purchased 1,263.709 shares of AmSouth Government Income Fund at $10.00 per share. Ten months later, the Barges sold the shares of AmSouth

Government Income Fund on August 4, 1994, at $9.42 per share, for a loss. The AmSouth employee again failed to disclose that the AmSouth Government Income Fund had no track record. Plaintiffs allege that had the Barges known of the risks, fees and expenses, they never would have put their money with AmSouth or bought the AmSouth Government Income Fund.

Plaintiffs allege AmSouth and the other defendants engaged in a common scheme to sell non-depository investment products to bank customers by circumventing the laws requiring full disclosure of material facts. Plaintiffs allege Defendants, individually and collectively, failed to disclose fees, charges, and commissions about the surrender charges and contingent deferred sales charges for fixed annuities and mutual funds would reduce the customer's principal.

III. Federal Securities Claim

A. Statute of Limitations

Section 9(e) of the Act states provides, in part, that:

No action shall be maintained to enforce any liability created under this section, unless brought within one year after discovery of the facts constituting the violation and within three years after such violation. 15 U.S.C.A. § 78i(e).

■ In *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* the U.S. Supreme Court adopted section 9(e) as the appropriate limitations period for section 10(b) claims. *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 364, 111 S.Ct. 2773, 2782–83, 115 L.Ed.2d 321 (1991). Under this provision, plaintiffs have one year from the date of discovery of a violation to file an action. Defendants who may be liable for such a violation, however, are free from liability if an action is not brought within three years of the violation itself. Because section 9(e) is a statute of repose, the "3-year limitation" serves as a "cutoff" and "tolling principles do not apply to that period." *Lampf,* 501 U.S. at 363, 111 S.Ct. at 2782. In other words, once the remedy is barred after three years, defendants' liability is extinguished. *See Bradway v. American Na-*

*tional Red Cross,* 992 F.2d 298, 301 (11th Cir.1993) ("the statute of repose destroys the previously existing rights so that, on the expiration of the statutory period, the cause of action no longer exists."). Therefore, an untimely complaint must be dismissed as a matter of law.

Defendants argue that the three year statute of repose for section 10(b) or Rule 10b–5 violations alleged by Mr. and Mrs. Barge regarding the June, 1991 and April, 1993 transactions, expired in June, 1994 and April, 1996, respectively. Further, Defendants contend that the period of repose is triggered, at the latest, by the date of the securities purchase.

Plaintiffs, Mr. and Mrs. Barge, allege in their complaint that the three (3) year period of repose "begins when the last alleged misrepresentation is made" by the Defendants. Plaintiffs claim that since the last alleged act occurred in October 1993, the Barges' claims are not barred by the statute of repose.

This Court has held that "the statute begins to run, at the latest, from the date of the sale of the security." *Armbrister v. Roland International Corp.,* 667 F.Supp. 802, 823 (M.D.Fla.1987). Plaintiffs, Mr. and Mrs. Barge, purchased the securities in April of 1993, and in October of 1993, from AmSouth.

The Court finds that Plaintiffs' claim relating to the first sale of securities is barred by the three year statute of repose for fraud. Plaintiffs' claim as to the second securities purchase, however, is not time-barred as Plaintiffs filed their suit on August 12, 1996.

Defendants argue that Plaintiffs, Mr. and Mrs. Barge, do not meet the one year statute of limitations, alleging that the Plaintiffs' actions demonstrate that they had discovered the alleged misrepresentation more than one year before this suit was filed. Defendants contend that Plaintiffs are barred by the one year statute of limitations when the Plaintiffs admit that they liquidated the investment on August 4, 1994 for a "loss." Defendants argue that because Plaintiffs, Mr. and Mrs. Barge, were clearly aware of their "loss" on August 4, 1994, Plaintiffs cannot avoid the limitations bar with respect to the investment in the AmSouth Government Income Fund.

■ Plaintiffs, Mr. and Mrs. Barge, oppose defendants' contention that the one (1) year limitations bars their claim. Plaintiffs argue that the sale of securities for a loss did not put them on notice of widespread securities fraud. The Court agrees with Plaintiffs as to this issue. The Eleventh Circuit has held that whether or not the Plaintiffs exercised due diligence in discovering the Defendants' fraudulent scheme is a jury question and should not be resolved on a motion to dismiss. *Smith v. Duff & Phelps, Inc.,* 891 F.2d 1567, 1572 (11th Cir.1990). *Durham v. Business Management Associates,* 847 F.2d 1505, 1509 (11th Cir.1988). *Kennedy v. Tallant,* 710 F.2d 711, 716 (11th Cir.1983).

**B. Controlling Person Liability Claim**

■ Section 20 of the Securities Act of 1934 states that "every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally ..." 15 U.S.C. § 78t(a). To state a claim for control person liability under § 20(a) of the Act, a plaintiff must satisfactorily allege the existence of an underlying securities violation. *Brown v. Enstar Group, Inc.,* 84 F.3d 393, 396–397 (11th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 950, 136 L.Ed.2d 838 (1997).

Defendants, AmSouth, argue that when a complaint fails to state a claim for primary violation, any claim for secondary liability must be dismissed.

■ As discussed above, Plaintiffs, Mr. and Mrs. Barge, alleged in their First Amended Complaint that AmSouth and the other defendants engaged in a common scheme to sell nondepository investment products to bank customers by circumventing the laws requiring full disclosure of material facts. For the purposes of the Motion to Dismiss, the Court assumes the allegations to be true. The Court therefore denies the Motion to Dismiss the Section 20 claim of 1934 Act.

**IV. State Securities Claim**

■ Plaintiffs, Mr. and Mrs. Barge, seek damages under Alabama securities laws, as

well. Defendants, AmSouth, contend that the Plaintiffs' state securities claims are also time-barred. Alabama Code § 8–6–19(f) provides:

No person may obtain relief under this section in an action involving the failure to register unless suit is brought within two years from the date of sale. All other actions for relief under this section must be brought within the earlier of two years after discovery of the violation or two years after discovery should have been made by the exercise of reasonable care. Ala.Code § 8–6–19(f).

As discussed above, Plaintiffs allege in the First Amended Complaint that they did not and could not have discovered that these Defendants, particularly AmSouth Investment Services, Inc., a separate entity of which the Barges were unaware, were involved in a scheme to defraud bank customers into buying non-depository investment products any sooner than one year prior to the date the complaint by Mr. Fischler was filed. Plaintiffs were made aware of Defendants' fraudulent schemes in 1995, and filed suit in 1996. Plaintiffs' suit is therefore within the two year statute of limitations. It is not appropriate for the Court to determine when the facts giving rise of the cause of action should have been discovered; this is a question of fact which should not be determined on a motion to dismiss.

V. Motion to Strike

■ Third Party Defendants, Marketing One, claim that the Court should strike Defendants/Third Party Plaintiffs ("Defendants")'s request for indemnification claims because the Private Securities Litigation Reform Act of 1995 ("PSLRA") does not "explicitly sanction" indemnification nor take precedent over established case law. Furthermore, Marketing One contends that "because AmSouth does not have a 'contractual relationship' with Marketing One, AmSouth cannot seek indemnification for attorneys' fees from Marketing One."

■ Motions to strike on grounds of insufficiency, immateriality, irrelevancy are not favored by the courts and will usually be denied unless matter sought to be omitted has no possible relationship to controversy, may confuse issues, or otherwise prejudice party. *Italiano v. Jones Chemicals, Inc.,* 908 F.Supp. 904, 907 (M.D.Fla.1995). *See Augustus v. Board of Public Instruction at Escambia County, Fla.,* 306 F.2d 862, 868 (5th Cir.1962). In evaluating a motion to strike, the Court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. *Reyher v. Trans World Airlines, Inc.,* 881 F.Supp. 574, 576 (M.D.Fla.1995).

This Court has held that "the recovery of attorneys' fees as damages or costs by the prevailing party to an action is allowed only when provided for by statute or contract, or when a fund has been created and brought into court." *Coca–Cola Foods v. Empresa Comercial International De Frutas S.A.,* 941 F.Supp. 1182 (M.D.Fla.1996). In the present case, the language in the Private Securities Litigation Reform Act of 1995 allows for recovery of attorneys' fees from Marketing One. PSLRA provides, in part, that:

In any case in which a contractual relationship permits, a covered person that prevails in any private action may recover attorneys' fees and costs of that covered person in connection with the action. 15 U.S.C. 78u–4(g) (2)(B)(ii).

Based on the allegations of the Third Party Complaint, which alleges a contractual relationship between AmSouth and Marketing One, the indemnification claim should not be dismissed. Further, the case *Stowell v. Ted S. Finkel Investment Services, Inc.,* 641 F.2d 323, 325 (5th Cir.1981), on which Marketing One relies, is distinguishable here. In *Stowell,* one of the defendants, Beck, was being sued for securities fraud and failure to register under securities laws, tried to indemnify plaintiff for alleged failure to perform his duty as offeree's representative. In that case, the Court held that Beck's request for indemnity failed because he did not show the existence of any express or implied contract for indemnity or any duty imposed by law giving rise to a basis for indemnity. In the instant case, however, the PSLRA does provide for indemnification for attorneys'

fees to any "covered persons," including defendants. Accordingly, it is

**ORDERED** that the Second Motion to Dismiss the First Amended Complaint is **granted** only as to the Barges' federal securities claim relating to the purchase of securities in April, 1993; in all other respects the Motion to Dismiss is **denied** (Dkt.72). The Motion to Strike is **denied** (Dkt.78). All requests for oral argument are **denied.**