SWANN, Judge.
The defendant below, Michael A. Light, appeals a final judgment for the plaintiff. The parties will be referred to herein as they were in the trial court.
The plaintiff, Richard King, filed suit, contending that the defendant was indebted to him by virtue of a promissory note. Defendant answered, denying any indebtedness and by affirmative defense alleged usury. The defendant then filed a counterclaim, to which plaintiff replied by asserting that the promissory note did not evidence any indebtedness arising out of loans from plaintiff to the defendant, but that the note was evidence of a guarantee by the defendant of a loan from the plaintiff to a corporation known as Inter-American Development Corporation.
On appeal, an appellate court does not weigh the evidence, for that is the primary function of the trial judge. In re Brackett’s Estate, Fla.App.1959, 109 So.2d 375. It is within the province of the trier of facts to resolve conflicts in evidence. Watson v. Gallagher, Fla.App.1957, 96 So.2d 472. It appears that the court found from the conflicting evidence that the plaintiff loaned Inter-American Development Corporation $25,000.00. In consideration of such loan the plaintiff would receive fifty percent of the profits of the corporation, the- *399 return of the loan, together with interest at the rate of six percent per annum from the date of the note, and twenty-five percent of the outstanding stock in said corporation. As a further consideration for the loan, the defendant agreed to guarantee the corporation’s repayment of the loan and gave the plaintiff a promissory note as evidence of this guarantee. Subsequently, Inter-American Development Corporation defaulted on its obligation to repay the loan and thereupon the defendant became liable on his guarantee.
We are not concerned with the statute of frauds, lack of consideration, or the parol evidence rule, as they were not properly raised as issues before the trial court. Babe, Inc. v. Baby’s Formula Service, Inc., Fla.App.1964, 165 So.2d 795.
Appellant contends that there was no substantial competent evidence to justify the final decree in which the trial judge awarded a judgment for appellee on the promissory note.
In Highland Lakes, Inc. v. Art Present Real Estate, Inc., Fla.App.1962, 147 So.2d 348, 349, the court stated:
* * * * * *
“The findings of fact of a trial judge upon a non-jury trial are entitled to the same weight as a jury verdict. MacGregor v. Sachs, Fla.1952, 57 So.2d 426; Bardee Corp. v. Arnold Altex Aluminum Co., Fla.App.1961, 134 So.2d 268; LaFrance Cleaners & Dyers, Inc. v. Argenio, Fla.App.1962, 147 So.2d 330. Therefore, we will not reverse unless it is made to clearly appear that the judgment of the trial judge is erroneous or where his findings are manifestly against the weight of evidence or are contrary to the legal effect of the evidence. See Talbot v. Talbot, Fla.App.1958, 104 So.2d 410.”
******
There is substantial evidence in the record to show that the defendant, for a good and valuable consideration, executed and delivered a promissory note to the plaintiff for $25,000.00; that he expected to repay the same, and that payment had not been made. The testimony of the defendant also reflects that plaintiff was not required to return the stock to him or to the corporation upon repayment of the money and there was no proof of usury.
It does not clearly appear that the judgment is erroneous or that the court’s findings were manifestly against the weight or contrary to the legal effect of the evidence. The judgment should therefore be
Affirmed.