McCAIN, Judge.
Lessee appeals from a final judgment of the lower court awarding lessor damages resulting from lessee’s failure to deliver up the premises at the end of the lease term in the same condition as when received, as required by the lease agreement between the parties. We affirm.
The record reveals that lessee’s predecessor in interest leased the premises in question from the lessor in 1958 for a 5-year term with an option to renew, which the lessee exercised. Lessee vacated the premises on January 31, 1967, having paid rental through February 28, 1967, the date on which the lease expired. The lease contained a provision requiring lessee to repair the interior of the premises, and requiring the lessor to repair the outside. The lease also contained the following provision regarding redelivery of the premises to the lessor, around which the present controversy centers:
“Lessee agrees to quit and deliver up said premises at the end of said term in the same, and in as good condition as they now are (ordinary wear and decay and damage from the elements excepted).”
Lessor contended below that this latter provision was violated when lessee vacated the premises without: (1) filling in holes left by the removal of certain bar stools; (2) repainting the interior; (3) replacing the flooring; and (4) repainting the exterior of the building where the paint had faded around lessee’s sign. Lessor also claimed loss of rentals for a two month period following expiration of the lease due to the untenantable condition of the premises. Finally, lessor asked for damages for failure of defendant to insure the premises, as was required by the lease.
Lessor’s award in the final judgment came to $3,503.71, and included the following items of damage: (1) the cost of replacing the asphalt tile floor which had been newly installed at the beginning of the original lease term; (2) the cost of repainting the interior of the building; (3) labor costs incurred by lessor’s employee in repainting the outside of the building and in doing various other odd jobs to restore the premises to a tenant-able condition; (4) the cost of replacing a cracked window; (5) the cost of purchasing paint required to repaint part of the exterior of the building; (6) the cost of miscellaneous supplies; and (7) two months rental loss while the building was in an untenantable condition.
*171 Lessee’s main thrust is that the trial court erred in failing to allow for depreciation and reasonable wear and tear in arriving at the final damage figure. In effect, lessee argues that he has been required to pay to have the store made “like new”, a greater burden than the lease contemplated. Additionally, he questions the trial court’s award of two months rental loss to lessor. Lessor in turn, cross-assigns as error the trial court’s failure to award insurance premiums required under the lease to be paid by lessee, and the court’s failure to award certain miscellaneous items of repair, including labor expended by lessor.
An appellate court will not substitute its judgment for that of the trier of the facts unless there be a clear and unmistakable showing of the abuse of judicial discretion and that the conclusions reached are erroneous. Clem v. Clem, Fla.App.1968, 215 So.2d 789; Goldfarb v. Robertson, Fla. 1955, 82 So.2d 504; Edwards v. Doherty, Fla.1954, 74 So.2d 686. It is not the function of this court to retry the case here if we find that the conclusions of the trier of fact are supported by competent evidence. Ames v. Ames, Fla.App.1963, 153 So.2d 737; Light v. King, Fla.App.1965, 179 So.2d 398. In the instant case, a careful perusal of the record reveals sufficient evidence to support each of the items of damage awarded below, and conflicts in the evidence permitted the judge to correctly rule against lessor on the items he refused to award. In short, it is apparent that the trial judge acted within his province in weighing and resolving conflicts in the evidence shown by the record, and in finding as he did for lessor.
With regard to lessee’s contention that depreciation should have been allowed below, it is true that the lease excepted ordinary wear and decay from lessee’s obligation to deliver up the premises in as good condition as he received them, but the burden of proving the amount of such depreciation is on the lessee, and he failed to meet this burden. A trial court does not work in a vacuum, and cannot, in the absence of testimony establishing a reasonable figure for depreciation, make any allowance for it in determining a damage award.
For the foregoing reasons, the judgment of the trial court is affirmed.
Affirmed.
CROSS, C. J., and METZGER, JOSEPH P., Associate Judge, concur.