374 So.2d 1130 (1979)
H. Kendall STEGEMAN and Doris Stegeman, His Wife, Appellants,
v.
BURGER CHEF SYSTEMS, INC., a Corporation, Appellee.
No. MM-172.
District Court of Appeal of Florida, First District.
September 12, 1979.
Lindner Smith, Jr., and Lee F. Mercier, Jacksonville, for appellants.
L. Haldane Taylor, of Taylor & Brecher, Jacksonville, for appellee.
*1131 PER CURIAM.
This cause is before us on appeal from the judgment of the Circuit Court, Duval County, in a suit by a lessor for damages to leased premises. The judgment sought to be reviewed holds that a lease termination agreement relieved the lessee of all responsibility under the lease except for its obligation to pay rent for a period of time during which the lessee was unable to deliver the premises to the lessor in a vacant condition.
The undisputed facts are that a twenty year lease on the premises, entered into in 1968 between Merrill Road Center, Inc., assignor of the present lessor/owner the Stegemans, and lessee Burger Chef, was terminated by agreement of the parties on December 31, 1975, with the lessee paying the sum of $35,000 and agreeing to give notice to vacate to its subtenant, Tony's Pizza King "as soon as this agreement is executed." Burger Chef also agreed to pay rent for any period of time following December 31, 1975, during which it was unable to deliver the premises in a vacant condition to the lessor. The lessor released the lessee from "any and all obligations and claims arising under the lease" and agreed to accept possession of the premises "in such condition as the premises may be in as of December 31, 1975." However, for a year and eight months after December 31, 1975, Burger Chef was unable to remove its subtenant from the premises and failed to deliver the premises in a vacant condition to the lessor until August of 1977. During that period of holding over by Burger Chef's subtenant, considerable waste and damage was done to the lease premises for which the lessor seeks to recover against Burger Chef.
On September 11, 1978, the trial court conducted a pretrial conference and, having considered both the original lease and the lease termination agreement, entered a pretrial order providing:
"ORDERED AND ADJUDGED that the issues to be tried are:
1. The damage, if any, done to the demised premises between December 31, 1975, and August 17, 1977, and the reasonable costs of repairing any such damages.
2. The loss of reasonable rental value of the demised premises during the period necessary to make repairs of any damage done between said dates... ." (e.s.)
At the hearing, the lessor, in accordance with the pretrial order, presented evidence as to the various damages to the premises occurring during the holdover period. The final judgment entered by the trial court, however, avoided the issues set forth in the pretrial order and ruled that there was no liability on the part of Burger Chef for the damages occurring during the some twenty-month period prior to August 17, 1977, because under the lease termination agreement the lessee, Burger Chef, was relieved of obligations under the pre-existing lease.
We reverse. Implicit in the landlord-tenant relationship is the obligation on the part of the tenant not to commit waste to the leased premises.[1] The termination agreement between the parties in this case did not remove that obligation. On the contrary, the lessor agreed in the termination agreement to accept the premises in the condition in which they existed as of December 31, 1975, and the corresponding obligation of Burger Chef was to return the premises to the lessor in that condition. The lessor has the burden of proving the damages claimed to have occurred since December 31, 1975. The burden of proving what portion, if any, of the damages and cost of restoration resulted from normal wear and depreciation, not recoverable by the lessor is on Burger Chef. Cunningham Drug Stores, Inc. v. Pentland, 243 So.2d 169 (Fla. 4th DCA 1970).
Accordingly, the judgment below is REVERSED and the cause REMANDED with directions that appellants be allowed to amend their complaint to allege a claim for attorney's fees and that a new trial be held in accordance with the terms and provisions of the pretrial order of September 11, 1978, and in conformity herewith.
*1132 McCORD, Acting C.J., BOOTH, J., and MELVIN, Associate Judge (Retired), concur.
NOTES
[1] 20 Fla.Jur., Landlord and Tenant, § 126 at 378.