418 So.2d 1254 (1982)
Esther MULTACH, Appellant,
v.
Gilbert ADAMS, Appellee.
No. 81-1889.
District Court of Appeal of Florida, Fourth District.
September 8, 1982.
*1255 Andrew Helgesen of Bratten & Harris, P.A., West Palm Beach, for appellant.
Thomas Montgomery, Belle Glade, for appellee.
WALDEN, Judge.
Multach, lessor, sued Adams, lessee, for past due rent and for damages inflicted upon the demised commercial property, all under the terms of a written lease. Judgment was entered for Adams following a non-jury trial. Multach appeals. We reverse and remand.
The first question has to do with the lessee's failure to pay claimed rent, which rent the judgment did not mention or allow. The lease was for a retail store. It was for a five year term beginning January 1, 1978. Rental was $200.00 monthly through December 1, 1980, and thereafter at the rate of $250.00 monthly. It was undisputed that Adams had paid no rent since October, 1980.
What may have confused the rent issue was the fact that Adams tardily tendered past due rent to Multach, which tender was refused for reasons not now material. We hold that the refusal of the tender did not constitute a waiver or a forgiveness of the debt.
As a general rule, tender of performance is not the equivalent of actual performance. See 5A Corbin on Contracts, § 1233. If the promisee fails to give the necessary cooperation, i.e., acceptance of tendered performance, then the promisor's duty to perform may be discharged by virtue of the failure of the promisee to cooperate. Corbin on Contracts, supra. See also Sharp v. Williams, 192 So. 476 (Fla. 1939); 11 Fla.Jur.2d, Contracts, § 210.
However, as Professor Corbin notes, "The question of the effect of a tender of performance arises most frequently in the case of a unilateral money debt." Corbin on Contracts, supra, at 520. In those cases the tender of performance will not operate as a discharge of the debt nor does the refusal to accept the money tendered operate as a discharge of the debt. Id. at 520-21. However, the refusal to accept a proper tender will prevent the collection of interest or other damages because the failure to receive payment is due to the promisee's own action. Id. at 521.
Thus, Multach is entitled to judgment against Adams for past due rent without interest.
As to damage to the premises, the lease provided:
TWELFTH: Lessee hereby accepts the premises in the condition they are in at the beginning of this lease and agrees to maintain said premises in the same condition, order and repair as they are at the commencement of said term, excepting only reasonable wear and tear arising from the use thereof under this agreement, and to make good to said lessor immediately upon demand, any damage to water apparatus, or electric lights or any fixture, appliances or appurtenances of said premises, or of the building, caused by any act or neglect of lessee, or of any person or persons in the employ or under the control of the lessee.
... .
NINETEENTH: The rights of the lessor under the foregoing shall be cumulative, and failure on the part of the lessor to exercise promptly any rights given hereunder shall not operate to forfeit any of the said rights.
The evidence clearly showed that Adams placed two holes in the exterior wall, one for an air conditioner and one for a garage door. In addition, the tile floor was damaged by Adams when he used the building for a purpose contrary to the provisions of the lease. These items were not repaired and constituted damages to the building. Such damages were contrary to the express terms of the lease, and particularly Paragraph Twelfth. Multach is entitled to judgment on this account. Stegeman v. Burger Chef Systems, Inc., 374 So.2d 1130 (Fla. 1st DCA 1979). See generally 34 Fla.Jur.2d, Landlord and Tenant, § 125.
In final reference to this point concerning the changes in the building, the trial court found that Multach waived her *1256 right to enforce that portion of the written contract. We have examined the record and can find no basis for waiver. In possible explanation we note that Section 83.56(5), Florida Statutes (1981), provides:
(5) If the landlord accepts rent with actual knowledge of a noncompliance by the tenant or accepts performance by the tenant of any other provision of the rental agreement that is at variance with its provisions, or if the tenant pays rent with actual knowledge of a noncompliance by the landlord or accepts performance by the landlord of any other provision of the rental agreement that is at variance with its provisions, the landlord or tenant waives his right to terminate the rental agreement or to bring a civil action for that noncompliance, but not for any subsequent or continuing noncompliance.
And indeed Multach did accept rent following, for instance, the installation of the garage door. However, this statute is applicable only to the rental of a dwelling unit and mobile home lot. Section 83.41, Florida Statutes (1981). Therefore, it is not applicable to the instant controversy.
We reverse and remand for further proceedings consistent herewith.
REVERSED and REMANDED.
HURLEY and DELL, JJ., concur.