COWART, Judge.
A lease provided that the lessee (Winn-Dixie), upon termination of the lease, would leave the premises in good repair. The lessee vacated the premises allegedly leaving it in disrepair. The lessor (Pomeranc) then sold the former leased premises to a third party. Thereafter the lessor filed an action against the lessee for damages for breach of the lease in leaving the leased premises in disrepair. The lessee obtained an affidavit from the new third party premises owner stating in effect that his purchase price for the property was based on the condition of the seller’s (former lessor’s) promise that either (1) that the former lessee would return as the purchaser’s tenant or (2) the lessee would restore the property to the condition required by the former lease. The lessee then movéd for summary judgment which the trial court granted. The lessor appeals. We reverse.
Assuming, as the lessor alleges, that the lessee vacated the leased premises leaving it in a condition that violated the lease between the parties, the former lessor’s cause of action accrued at that time. The proper measure of damages for breach of this lease provision was the cost of restoring the leased premises to a condition that the lease required of the lessee. See Cunningham Drug Stores, Inc. v. Pentland, 243 So.2d 169 (Fla. 4th DCA 1970); see also, 80 A.L.R.2d 983, Measure and Items of Damages For Lessee’s Breach of Covenant as to Repairs, § 8 (1961). Neither the lessor’s cause of action for breach of lease nor the measure, or amount, of damages resulting from that alleged breach was lost, diminished, or destroyed by the conveyance of the leased premises by the lessor to a third party after the breach of the lease occurred. See, Gray v. Callahan, 143 Fla. 673, 197 So. 396 (1940). See also, 49 Am.Jur.2d, Landlord & Tenant, § 979, p. 952 (1970). The lessor is under no legal obligation to the former lessee to use money recovered from the former lessee as damages for breach of the lease to restore or improve the sold premises. See 80 A.L.R.2d 983 § 18 (1961). The error in the lessee’s view in this case, and in the basis for summary judgment, is in assuming that the proper measure of damages is the value of the leased premises before the lease breach and its value after the breach and then considering the testimony of the new purchaser as being relevant to a determination of the value of the premises after the breach. Those matters *105 are immaterial in this case[1] under the correct measure of damages, which is the cost of restoration, whether or not the premises is ever actually restored.
REVERSED and REMANDED.
GOSHORN, C.J., and DIAMANTIS, J., concur.

. Whatever the truth of the statement of the ' third party purchaser of the formerly leased premises, and its inference that the purchaser may be the beneficiary of some broken promise of the seller-former lessor, those matters are between those parties and do not in anywise inure to the benefit of the former lessee in this action by the former lessor against the former lessee for damages for the former lessee’s breach of a covenant of repair contained in the former lease.