674 So.2d 201 (1996)
Bernard KAPLAN, Appellant,
v.
Kenneth PETERSON, et al., Appellees.
No. 94-1926.
District Court of Appeal of Florida, Fifth District.
May 31, 1996.
*202 William L. Pence and Robyn D. Neely of Akerman, Senterfitt & Eidson, P.A., Orlando, for Appellees Otis L. Phelps and Carol D. Phelps.
No Appearance for Appellee Kenneth Peterson.
W. SHARP, Judge.
The issue presented in this appeal is whether a current owner of commercial real property can recover from the prior owners who allegedly caused the damage, the expenses and costs of cleaning up the property required by the state or city, which stemmed from an underground storage tank leaking petroleum into the soil and underground waters. The prior owners allegedly placed an underground storage tank on the property, and either discharged the pollutants (petroleum) or permitted it to be discharged, during the time of their ownership. The trial court granted the prior owners' motion for judgment on the pleadings on the ground that caveat emptor bars not only the current owners' two counts that allege fraudulent misrepresentation and negligent misrepresentation, but also the current owner's count based on a violation of chapter 376. We reverse, but certify a question of great public importance to the Florida Supreme Court.[1]
The current owner, Kaplan (as Trustee), sued Kenneth Peterson and Otis and Carol Phelps for the cost to clean up the property (Silver Star Park) caused by the underground leaking petroleum storage tank. Kaplan purchased the property from the Phelps on December 31, 1986, and received an assignment of a lease for three buildings and surrounding land pursuant to which Peterson was doing business as B and A Volkswagen Unlimited. The lease commenced on January 1, 1985, and continued until January of 1990.
On December 18, 1989, a Phase I environmental site assessment report of the property was made, which indicated contamination of the site and ground water, caused by an underground storage tank. As a result, Kaplan undertook extensive clean up efforts, and brought suit against the Phelps in July of 1990 to recoup his costs and expenses. He had sued Peterson on October 26, 1987, on other claims pertaining to the lease, and later amended his complaint in that action to include clean up costs and expenses. In 1993, the suits against Peterson and the Phelps were consolidated. Kaplan's suit against Peterson also alleged counts for breach of contract and waste. The sufficiency of that complaint is not involved in this appeal.[2]
The parties agree that although some exceptions are recognized to caveat emptor in the context of sales of commercial real property, Kaplan's complaint in this case failed to plead them.[3] Thus Kaplan's appeal turns solely on whether chapter 376 creates a new cause of action available to private parties against those responsible for polluting land and ground water, or one that is no longer barred by the traditional defense of caveat emptor.
*203 The doctrine of caveat emptor was found to be sufficiently unappetizing and unfair in the context of residential real property to prompt the Florida Supreme Court to abolish it in this state. See Johnson v. Davis, 480 So.2d 625 (Fla.1985); Mansur v. Eubanks, 401 So.2d 1328 (Fla.1981); Gable v. Silver, 258 So.2d 11 (Fla. 4th DCA, cert. discharged, 264 So.2d 418 (Fla.1972). However, although questioned and criticized,[4] the doctrine still prevails in Florida with regard to sales of commercial real property. See Futura Realty v. Lone Star Building Centers (Eastern), Inc., 578 So.2d 363 (Fla. 3d DCA), rev. denied, 591 So.2d 181 (Fla.1991).
In Futura, the current owner of commercial real property, relying on the rule of strict liability for ultrahazardous activity resulting in damage to a neighbor's property,[5] brought suit against the immediate previous owner of property as well as its lessee for failing to inform it about pollution problems on the land until after the sale. The Third District rejected Futura's claims on the ground of caveat emptor. It said:
In the case at hand, Futura was simply not bringing a claim as an injured adjoining landowner. The commercial property vendor owes no duty for damage to the land to its vendee because the vendee can protect itself in a number of ways, including careful inspection and price negotiation. This is the vital legal and practical distinction between the duty owed a neighbor and the duty owed a successor in title which T & E Industries failed to identify.
Futura at 365. However, Futura did not involve a claim based on chapter 376.
Mostoufi v. Presto Food Stores, Inc., 618 So.2d 1372 (Fla. 2d DCA), rev. denied, 626 So.2d 207 (Fla.1993) did involve such a claim. In Mostoufi, as in this case, the plaintiff essentially argued section 376.313 (1989) created a cause of action which is not barred by caveat emptor. However, in that case, the claim for damages was based solely on the reduction in value of the property caused by a discharge of petroleum products from an underground storage tank. The court said loss of market value of real estate was not encompassed in section 376. It also said that chapter does not create a new cause of action for polluters of land and ground water, if the party so damaged is a current land owner and the polluter was a prior owner.
Courts are reluctant to read into a statute a new private cause of action not expressly provided for by the Legislature in the new law. However, chapter 376[6] makes little sense if it does not do so, or at least if in the case of a violation of that statute by a person who caused the discharge, caveat emptor continues to hold sway. Chapter 376 addresses the serious ground and water pollution problems (among others) caused by contamination of soil and ground water, from leaking underground storage tanks. It declares that it is vital to protect Florida's land and water resources from such pollution, and makes it a top priority to prevent and quickly remedy any pollution. It also expressly prohibits discharge of pollutants into the soil or water, contrary to state standards,[7] which allegedly occurred in this case, and requires any person discharging pollutants to "immediately undertake to contain, remove, and abate the discharge to the department's satisfaction." § 376.305(1), Fla.Stat. (1989).
Section 376.313(3) also provides that nothing in the law affects the right of any person to clean up and remove pollutant, and that doing so shall not affect that person's rights against any third party whose acts or omission caused or contributed to the discharge. Attorney fees and costs of litigation may be awarded. § 376.313(5), Fla.Stat. (1989). Pursuant to other sections,[8] the Department *204 is charged with the duty of recovering from the person who caused the discharge, all sums expended by the state for clean up. Persons who clean up a site are entitled to contribution for costs and expenses from the persons causing the discharge.[9] And current owners can be required to clean up a polluted site.[10]
Section 376.308 limits the defenses of a person who is responsible for unlawful discharge of pollutants to: (1) an act of war; (2) an act of the government; and (3) an act of God; and (4) an act of a third party (other than an employee or agent), or one in a contract relationship for which that person is not responsible. A complete defense to a suit brought by the state is that an owner acquired title to contaminated property without knowledge of the pollution, and without having contributed to it in any way.[11]
Thus, in this case, Kaplan would not have been ultimately liable to the state if the state had cleaned up the site. The state could only have looked to the prior owner (the Phelps), assuming Kaplan had no knowledge of the tank as he alleged, and also assuming he did nothing to cause the pollution.[12] The Inland Protection Trust Fund (the "Fund") could also recover from the responsible party, sums expended by the state for clean up. § 376.3071(7), Fla.Stat. (1989). Neighbors injured by the discharge could also recover damages from the person who discharged the pollution. It is anomalous to maintain a rule of law that affords everyone except Kaplan a remedy against the persons who caused the discharge.
Chapter 376 was modeled after the Federal Water Pollution Control Act.[13] It provides that this state law is intended to "support and complement" the federal legislation, and "specifically those provisions relating to the national contingency plan for removal of pollutants."[14] The federal cases decided under the federal statute hold that damages are not recoverable. Middlesex County Sewerage Authority v. National Sea Clammers Assoc. 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981); City of Evansville, Indiana v. Kentucky Liquid Recycling, Inc., 604 F.2d 1008 (7th Cir.1978). However, both the Florida and Federal law contain "savings clauses,"[15] in which the language differs. While the Florida law specifically provides for recovery of damages, the federal law does not. Federal courts have refused to find an implied right to damages in the federal act based upon statutory construction and the elaborate provisions encompassed therein. Middlesex. Applying that same theory to Florida law requires a conclusion that because damages are specifically provided for, such a suit is permissible. Further, the right to recover contribution from persons responsible *205 for pollution are provided for in the Florida law.[16]
In Cunningham v. Anchor Hocking Corp., 558 So.2d 93 (Fla. 1st DCA), rev. denied, 574 So.2d 139 (Fla.1990), the court held that section 376.313 creates an individual cause of action for persons injured by a defendant's release of hazardous materials which causes environmental as well as health hazards. The court held that the allegations of the complaint were sufficient to state a cause of action pursuant to section 376.313:
[T]he toxic substances utilized by the defendants was a pollutant within the meaning of chapter 376; the defendant's plant was a facility within the meaning of the statute; the defendants violated the statute by discharging the pollutants on the land at the plant; and the plaintiff-employees were injured personally by such discharge.
Further, in Davey Compressor Co. v. City of Delray Beach, 613 So.2d 60 (Fla. 4th DCA 1993), approved, 639 So.2d 595 (Fla.1994), the court held that a City could recover damages under common law and strict liability for toxic contamination of ground water beneath its well field against a nearby landowner which dumped solvents on the ground and caused the contamination. The City was permitted to recover its actual damages or costs to remedy and abate the damage, only limited to its right to use the ground waters which had been contaminated. If neighbors and employees are afforded a remedy against a polluter, there is little reason or equity to deny a subsequent landowner who has been similarly damaged, such a remedy.
A recent amendment to chapter 376.313, Florida Statutes (1992) has clarified that private causes of action brought by private parties are contemplated and permitted. Section 376.313(3) provides that private persons may bring a cause of action in a court of competent jurisdiction for all damages resulting from pollution covered by the chapter.[17] It further provides that in such suit it is not necessary for such person to plead or prove negligence. "Such person need only plead and prove the fact of the prohibited discharge or other pollutive condition and that it has occurred. The only defenses to such cause of action shall be those specified in section 376.308...." If chapter 376 was not intended to create private causes of action for prohibited discharges of pollutants against polluters, this new amendment is completely superfluous. Obviously, later legislative amendments meant to change a law should not be given retroactive effect, but where the statute is being clarified, such later amendment may also be looked upon as stating what was the original legislative intent.[18]
Thus we hold that Kaplan has stated a cause of action against the Phelps in this case pursuant to chapter 376, for the costs and expenses of cleaning up an unlawful discharge for which the Phelps were allegedly responsible. However, because this is a question of great public importance, we certify to the Florida Supreme Court the following question:
DOES THE DOCTRINE OF CAVEAT EMPTOR BAR A CURRENT LANDOWNER OF COMMERCIAL REAL PROPERTY FROM SUING THE PRIOR LANDOWNER TO RECOVER THE COST AND EXPENSES OF CLEAN UP *206 OF THE PROPERTY, WHICH WAS CAUSED BY THE PRIOR OWNERS UNLAWFUL DISCHARGE OF POLLUTANTS ON THE SITE, CONTRARY TO CHAPTER 376?
In addition, we acknowledge a conflict with Mostoufi and Futura.
REVERSED and REMANDED
THOMPSON, J., concurs.
GRIFFIN, J., concurring in part, and dissenting in part with opinion.
GRIFFIN, Judge, concurring in part; dissenting in part.
First, I quarrel with the notion that whether a private cause of action was created with the enactment of Chapter 376 is affected by whether any other legal basis for a cause of action exists. The statute either creates one or it does not. The Mostoufi opinion does a pretty good job explaining the difficulty in concluding that it does. The statute is so badly drafted that if it does intend to create a cause of action, it opens up a real can of worms in terms of who can sue, where, and for what.[1] At most, this statute is a failed attempt to create a private cause of action.
The one thing that ought to be apparent from reading Chapter 376 as a whole is that this legislation was not designed to protect subsequent purchasers of polluted property, who may or may not have known about the pollution and no matter whether they had taken measures to protect themselves at the time of the purchase. The language of section 376.313(3) itself suggests that a "person" suing for damages would have to have been the victim of a discharge or other covered condition of pollution. In the case of a subsequent purchaser, any damage "results" from the voluntary purchase of already polluted property, not from the prepurchase discharge of pollutants. Otherwise said, a willing purchaser of polluted property is not damaged by the existing pollution.
I'm not in favor of finding causes of action not recognized at common law by trying to read the tea leaves. I would follow Mostoufi.[2] I do agree, however, that this issue needs resolution by the supreme court. No purpose would be served by awaiting further analysis in the district courts of appeal. There isn't much to analyze. We just need a definitive answer and that has to come from the high court.
NOTES
[1] Fla.R.App.P. 9.030(a)(2)(A)(v).
[2] Obviously, Kaplan's remedies against his former lessee turn on other issues than those involved in this appeal. See Foliage Corp. of Florida, Inc., v. Watson, 381 So.2d 356 (Fla. 5th DCA 1980); Stegeman v. Burger Chef Systems, Inc., 374 So.2d 1130 (Fla. 2d DCA 1979).
[3] See, e.g., Wasser v. Sasoni, 652 So.2d 411 (Fla. 3d DCA 1995); Green Acres, Inc. v. First Union National Bank of Florida, 637 So.2d 363 (Fla. 4th DCA 1994); The Haskell Company v. Lane Company, Ltd., 612 So.2d 669 (Fla. 1st DCA 1993).
[4] See The Haskell Co. v. Lane Company, Ltd., 612 So.2d 669 (Fla. 1st DCA 1993).
[5] See English Case of Rylands v. Fletcher, L.R., 3 H.L. 330 (1868).
[6] § 376.30, Fla.Stat. (1989). This statute was originally codified in 1983. See 11 Fla.St. U.L.Rev. 599, 610 (Hopping & Preston). In this opinion, we use references to the 1989 statute because that is the statute in effect when this suit was filed against Phelps, and it is the one referenced in the pleadings. Additionally, there has been no new amendment to the sections cited since that time.
[7] § 376.302, Fla.Stat. (1989).
[8] See §§ 376.307 and 376.3071, Fla.Stat. (1989).
[9] See § 376.05(4) and (5), Fla.Stat. (1989).
[10] Section 376.305(1), Florida Statutes (1989) states:

Any person discharging a pollutant as prohibited by ss. 376.30-376.319 shall immediately undertake to contain, remove, and abate the discharge to the satisfaction of the department. However, such an undertaking to contain, remove or abate a discharge shall not be deemed an admission of responsibility for the discharge by the person taking such action. Notwithstanding this requirement, the department may undertake the removal of the discharge and may contract and retain agents who shall operate under the direction of the department.
[11] § 376.308(c), Fla.Stat. (1989)
[12] See Sunshine Jr. Stores, Inc. v. State of Florida Department of Environmental Regulation, 556 So.2d 1177 (Fla. 1st DCA), rev. denied, 564 So.2d 1085 (Fla.1990).
[13] 33 U.S.C. §§ 1281, et.seq.
[14] §§ 376.30(5), 376.315, Fla.Stat. (1989).
[15] 33 U.S.C.A. s. 1365(e) provides:

Nothing in this section shall restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of any effluent standard of limitation or to seek any other relief (including relief against the Administrator or a State agency).
The Florida law, section 373.313(3) provides:
Notwithstanding any other provision of law, nothing ... prohibits any person from bringing a cause of action in a court of competent jurisdiction for all damages resulting from a discharge or other condition of pollution.... Nothing in this chapter shall prohibit or diminish a party's right to contribution from other parties jointly or severally liable for a prohibited discharge of pollutants or hazardous substances or other pollution conditions.....
[16] § 376.09(5) & (6), Fla.Stat. (1989).
[17] Section 376.313, Florida Statutes (1989) provides:

(3) Notwithstanding any other provision of law, nothing contained in ss. 376.30-376.319 prohibits any person from bringing a cause of action in a court of competent jurisdiction for all damages resulting from a discharge or other condition of pollution covered by ss. 376.30-376.319. Nothing in this chapter shall prohibit or diminish a party's right to contribution from other parties jointly or severally liable for a prohibited discharge of pollutants or provided in subsection (4) or (5), in any such suit, it is not necessary for such person to plead or prove negligence in any form or manner. Such person need only plead and prove the fact of the prohibited discharge or other pollutive condition and that it has occurred. The only defenses to such cause of action shall be those specified in s. 376.308.
[18] See State Farm Mutual Automobile Insurance Co. v. Laforet, 658 So.2d 55, 61 (Fla.1995); Lowry v. Parole and Probation Comm., 473 So.2d 1248 (Fla.1985) (if enacted soon after controversies arise may be considered legislative interpretation of original law and not a substantive change).
[1] I also question whether the 1992 amendment added anything at all to the debate about the meaning of this statute.
[2] I recognize that Judge Kovachevich in Italiano v. Jones Chemicals, Inc., 908 F.Supp. 904 (M.D.Fla.1995) relies on Mostoufi to recognize a claim for clean-up costs, but that is not what Mostoufi actually held. Also, it does not appear from the Italiano opinion that the case involved a claim by one who purchased polluted property from the party generating the pollution. Italiano further illustrates how courts have to keep supplying the missing pieces of this new cause of action, such as what are recoverable damages.