THOMPSON, Judge,
dissenting.
I respectfully dissent because I believe the appellants have sufficiently stated a cause of action. Further, when the-trial court was presented with two alternative bases for dismissal — failure to state a cause of action and caveat emptor — it ruled that the doctrine of caveat emptor was the sole basis.
The Thibaults are Canadian citizens legally residing and conducting business in Volusia County. In February 1992, they contacted a realty company for assistance in locating a beach front motel to purchase in Daytona Beach. The company notified the Thibaults that the Cardinal Motel was for sale. Hudson Realty was the listing broker for the motel. The listing sheet provided by Hudson Realty reported the income and expenses of the motel for the years 1989 and 1990. Based on that information, the Thibaults signed a contract on 19 February 1992 to purchase the motel for $575,000 and submit *595 ted the contract to the sellers for their acceptance. An addendum to the contract made the sale contingent upon the sellers furnishing, within three days of acceptance, a statement of the motel’s income and expenses for 1991.
By facsimile, Hudson Realty sent a document entitled “Cardinal Motel Win-and-Loss Statement 01.01.91 to 12.31.91” to the Thi-baults’ agent. Upon receipt of the statement, the Thibaults signed a document stating: “We have reviewed the figures for 1991 for the Cardinal Motel. These figures are satisfactory to us. With this letter we are removing the contingency regarding 1991 income and expenses.” The sellers executed the contract on 26 February 1992.
On 16 October 1996, the Thibaults filed suit against Hudson Realty and its agent Buckley for breach of duty, fraud and misrepresentation. The Thibaults alleged that the listing sheet provided by Hudson Realty and Buckley overstated the motel’s 1990 income by over 100 percent and substantially understated operating expenses. They also alleged that the win-and-loss statement materially misrepresented the actual income and expenses of the motel for 1991. Claiming fraud and/or negligent misrepresentation, the Thibaults alleged that Hudson Realty and Buckley “intentionally and with reckless and negligent disregard for the truth” provided information they knew or should have known was false; the Thibaults relied on the assertions made in the listing sheet and win- and-loss statement; due to inexperience and a “severe language disadvantage;” the Thi-baults relied on those assertions; and, as a result, they purchased an unprofitable business and suffered $200,000 in damages. These allegations constituted a single count.[1] Based upon these facts, the Thibaults’ complaint sufficiently, though inartfully, pleaded claims for fraud and negligent misrepresentation.
Hudson Realty and Buckley filed a motion to dismiss for failure to state a cause of action. At the motion hearing, they asserted, in the alternative, that the action was barred by the doctrine of caveat emptor. The trial court granted the motion based on that doctrine. I find this ruling incorrect.
Although no longer applicable to residential real estate transactions, Johnson v. Davis, 480 So.2d 625 (Fla.1985), the doctrine of caveat emptor still applies to sales of commercial property, Kaplan v. Peterson, 674 So.2d 201, 208 (Fla. 5th DCA 1996). In the latter arena, however, caveat emptor bars only claims for intentional nondisclosure of material facts; the doctrine does not bar claims alleging fraudulent misrepresentations or active concealment. Besett v. Basnett, 389 So.2d 995 (Fla.1980); Wasser v. Sasoni, 652 So.2d 411 (Fla. 3d DCA 1995); Green Acres, Inc. v. First Union Nat. Bank of Florida, 637 So.2d 363 (Fla. 4th DCA 1994). In addition, caveat emptor is not relevant to negligent misrepresentation claims. See Gilchrist Timber, Co. v. ITT Rayonier, Inc., 696 So.2d 334 (Fla.1997)(holding that comparative negligence principles apply to negligent misrepresentations). In conclusion, based upon the facts, I would find that the trial court erred in dismissing the Thibaults’ fraud and negligent misrepresentation claims on the basis of caveat emptor.

. In a separate count, the Thibaults made similar allegations against the realty company they first contacted and its agents. Those claims were settled after summary judgment in the defendants’ favor.