WHATLEY, Judge.
Salvador and Adele Greco challenge the trial court’s denial of their claim for breach of contract, and John and Carol Corn challenge the trial court’s denial of their claim for specific performance. We affirm the denial of the Corns’ claim for specific performance without discussion. However, we reverse the denial of the Grecos’ claim for breach of contract.
The Grecos own several acres of land in Hillsborough County. On May 18, 1991, the *613 Grecos and the Corns executed a lease purchase agreement providing that the Corns would lease the property for four years. The Corns agreed to pay rent in the amount of $1,500 per month. The Corns had possession of the property for the full four-year lease term and thereafter until November 1996. The agreement provided the Corns with an option to purchase the property during the four-year term. As consideration for the option to purchase, the Corns agreed to pay $30,000 to the Grecos.
Within a few days following the execution of the agreement, the Grecos notified the Corns that the parties did not have a meeting of the minds as to the option to purchase. The Grecos objected to the use of rent credit toward the purchase price and attempted to cancel the agreement. The Grecos notified the Corns that they would not accept any payment for monthly rent or any payment for the option lee until such issue was resolved and it was determined that the parties had a meeting of the minds and a binding contract.
The Corns refused to cancel the agreement, tendered payment for $30,000 pursuant to the option to purchase, and tendered rent payments until October 1991. The Gre-cos refused all of these payments.
The Grecos filed an action against the Corns seeking declaratory relief as to whether there was a meeting of the minds and a binding contract regarding the option to purchase. The Corns filed counterclaims against the Grecos. The Grecos amended their complaint to assert a claim for breach of contract, seeking damages for unpaid rent. The trial court dismissed this claim before trial because of the Corns’ willingness to pay rent. In the final judgment, the trial court denied the Grecos’ claim for declaratory relief, but it awarded the Grecos damages based upon the equitable doctrine of quantum meruit in an amount equal to all unpaid rent. The trial court denied all counterclaims filed by the Corns.
The Corns appealed this final judgment. In Corn v. Greco, 694 So.2d 833 (Fla. 2d DCA 1997), this court held that the trial court erred in awarding quantum meruit damages to the Grecos because their rights were described in a written contract.
After the trial court dismissed the Grecos’ claim seeking unpaid rent, the Grecos sent two letters to the Corns demanding unpaid rent that had accrued under the agreement. The Corns did not pay any rent in response to these letters. The Grecos began eviction proceedings against the Corns based on their failure to pay rent. Thereafter, a final judgment for removal of the Corns was entered in November of 1996.
The Corns filed an action seeking specific performance of the option to purchase and seeking damages for the alleged breach of this provision of the contract. The Grecos filed an answer denying the claims and filed a counterclaim seeking damages for breach of contract for unpaid rent and for the unpaid option fee. After a bench trial, the trial court entered its final judgment denying the claims of both parties.
We conclude that the trial court erred in finding that the Grecos were not entitled to damages for unpaid rent. The trial court incorrectly found that the Grecos’ failure to accept the initial tender of rent payments constituted a waiver of their right to collect rent. In Multach v. Adams, 418 So.2d 1254, 1255 (Fla. 4th DCA 1982), the court held that the refusal of the tender of a rent payment did not constitute a waiver or a forgiveness of the debt. Similarly, in this case, the refusal of the Grecos to accept rent payments until a determination was made regarding the option to purchase clause was not a waiver of their right to collect rent under the contract. Therefore, the Grecos are entitled to a judgment against the Corns for past due rent without interest. See Id. On remand, in determining the amount of rent due, the trial court should consider any set off to which the Corns may be entitled.
Affirmed in part; reversed in part.
PARKER, C.J., and ALTENBERND, J., Concur.