825 So.2d 996 (2002)
Samuel EASTON, Jr., Appellant,
v.
ARAMARK UNIFORM AND CAREER, etc., et al., Appellee.
No. 1D01-2952.
District Court of Appeal of Florida, First District.
August 6, 2002.
Rehearing Denied September 13, 2002.
*997 Deborah D. Walters, Esquire, The Waters Law Firm, Jacksonville, for Appellant.
Vincent J. Profaci, Esquire, Altamonte Springs, for Appellee.
POLSTON, J.
Appellant Samuel Easton, Jr., seeks damages and injunctive relief arising from the prior and ongoing migration of contaminated groundwater from commercial property owned by Appellee Aramark Uniform and Career and its predecessors in title, onto his adjacent commercial property. The bench trial of Appellant's claims pursuant to section 376.313, Florida Statutes (2000), and various common law theories, resulted in a final judgment in favor of Appellees. It is undisputed that Appellant's property was damaged solely by chemical solvents that were allowed to seep into the groundwater on Appellee's property and then migrate onto Appellant's property. It is also undisputed that the chemical solvents are continuing to contaminate Appellant's soil and groundwater and will continue to do so for the next several years. Although the trial court recognized that contamination to Appellant's property caused a $153,000 decrease in his property's value, it ruled that there was no evidence that Appellees caused the contamination on their own property that migrated to Appellant's property, and therefore entered final judgment in favor of Appellees.
Appellant argues that the trial court erred by (i) concluding as a matter of law that the damages were not recoverable unless Appellees caused the contamination on their own property, and alternatively, (ii) finding that there was no evidence of Aramark's predecessor's conduct in causing the contamination[1]. Because we agree with Appellant that section 376.313(3), Florida Statutes (2000), provides a cause of action for strict liability, we reverse.

*998 I.
Section 376.313(3) states:
Notwithstanding any other provision of law, nothing contained in ss. 376.30-376.319 prohibits any person from bringing a cause of action in a court of competent jurisdiction for all damages resulting from a discharge or other condition of pollution covered by ss. 376.30-376.319. Nothing in this chapter shall prohibit or diminish a party's right to contribution from other parties jointly or severally liable for a prohibited discharge of pollutants or hazardous substances or other pollution conditions. Except as otherwise provided in subsection (4) or subsection (5), in any such suit, it is not necessary for such person to plead or prove negligence in any form or manner. Such person need only plead and prove the fact of the prohibited discharge or other pollutive condition and that it has occurred. The only defenses to such cause of action shall be those specified in s. 376.308. (Emphasis added).
Appellees argue that the trial court did not err, citing Mostoufi v. Presto Food Stores, Inc., 618 So.2d 1372 (Fla. 2d DCA 1993). In Mostoufi, the court concluded that "section 376.313 does not create a statutory cause of action as sought to be alleged by appellant." Id. at 1373. Mostoufi, a landowner, sought damages pursuant to section 376.313 against his predecessor in title. The court further held that caveat emptor barred Mostoufi's claim for damages due to the alleged loss of market value of his commercial real property. Id.
Mostoufi is not applicable because Appellant is an adjoining landowner rather than a successor in interest. To the extent that Mostoufi may be read to hold that section 376.313 does not create a statutory cause of action for these circumstances, we decline to follow it. Id. at 1376-77 ("Because the statute is framed so as not to `prohibit' bringing a cause, we conclude we should not interpret the statute as `creating' a new cause of action that did not theretofore exist. It seems clear to us that the intent of the statute is to insure that it is not interpreted as preempting any private rights that were already in existence.").
This court has previously decided that a cause of action may be stated pursuant to section 376.313. In Cunningham v. Anchor Hocking Corporation, 558 So.2d 93, 94, 97-99 (Fla. 1st DCA 1990), the court held that the plaintiffs, seeking damages from their employer resulting from exposure to toxic substances resulting in respiratory problems, liver damage, brain tumors, pulmonary disease, cancer, and other disorders, stated a cause of action pursuant to section 376.313. Likewise, Appellant's claim for damages pursuant to section 376.313(3) states a cause of action. See also Kaplan v. Peterson, 674 So.2d 201, 205 (Fla. 5th DCA 1996)(ruling that legislative history of section 376.313 indicates that private causes of action brought by private parties are contemplated and permitted; "[s]ection 376.313(3) provides that private persons may bring a cause of action in a court of competent jurisdiction for all damages resulting from pollution covered by the chapter.").
A plain reading of section 376.313 indicates that a cause of action for strict liability was created. Subsection (3) provides that it is not necessary to plead or prove negligence.[2] This discussion of requisite proof indicates that a separate cause of action is being created by the statute. Moreover, subsection (3) also states that the "only defenses to such cause of action *999 shall be those specified in section 376.308." This reference to the "only defenses to such cause of action" indicates that a cause of action was created by the statute. We do not read section 376.313(3) to require Appellant to prove that Appellees caused the contamination on their own property.
Because the circuit court held that Appellant's damages were not recoverable unless Appellees caused the contamination on their own property, the exceptions in subsections (4) and (5) and potential defenses specified in section 376.308 were not addressed by the trial court. We therefore remand to the trial court to apply section 376.313(3) as a strict liability statute, without requiring Appellant's proof that Appellees caused the contamination on their own property, and to determine whether the exceptions and defenses specified within the statute are applicable.
REVERSED and REMANDED.
DAVIS and VAN NORTWICK, JJ., concur.
NOTES
[1] We decline to reverse the trial court's final judgment on this second basis without further comment.
[2] The exceptions referenced for subsection (4) and subsection (5) provide circumstances when a person bringing an action must prove negligence.