**Mary M. GILBERT, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**Case No. 6:15–cv–201–ORL–22.**

United States District Court, M.D. Florida, Orlando Division.

Signed April 1, 2015.

Christopher J. Weiss, Christopher Weiss, Attorney at Law, PA, Orlando, FL, for Plaintiff.

David B. Krouk, Matthew J. Lavisky, Butler Pappas Weihmuller Katz Craig LLP, Tampa, FL, for Defendant.

## ORDER

ANNE C. CONWAY, District Judge.

This cause comes before the Court for consideration of the following motions and responses:

1. Defendant State Farm Mutual Automobile Insurance Company's ("Defendant") Motion to Dismiss Counts Two and Three and Motion to Strike Claim for Attorney Fees, filed on February 17, 2015 (Doc. No. 8);

2. Plaintiff Mary M. Gilbert's ("Plaintiff") Memorandum of Law in Opposition to Defendant's Motion to Dismiss Counts Two and Three and Motion to Strike Claim for Attorney Fees, filed on March 3, 2015 (Doc. No. 15);

3. Plaintiff's Motion to Remand, filed on March 3, 2015 (Doc. No. 16); and

4. Defendant's Memorandum in Opposition to Plaintiff's Motion to Remand, filed on March 16, 2015. (Doc. No. 17).[1]

For the reasons that follow, the Court denies Plaintiff's Motion to Remand and grants in part and denies in part Defendant's Motion to Dismiss Counts Two and Three and Motion to Strike Claim for Attorney Fees.

## I. BACKGROUND

Plaintiff originally filed her Complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, alleging that Defendant failed to pay the full value of her underinsured motorist claim for damages she sustained in an automobile accident. (Doc. No. 2). Plaintiff's Complaint consists of three counts: a claim for uninsured motorist benefits (Count I); a statutory bad faith claim under Florida law (Count II); and a declaratory judgment action to "determine liability and total amount of damages" (Count III). (See id.). In her Complaint, Plaintiff alleges that "[t]his is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest where applicable and costs." (Id. at ¶ 1).

## II. LEGAL STANDARDS

### A. Motion to Remand

It goes almost without saying that "[f]ederal courts are courts of limited jurisdiction," *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir.2003) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)), and where, as here, a plaintiff seeks to invoke the Court's diversity jurisdiction, the amount in controversy must exceed $75,000, 28 U.S.C. § 1332(a). Generally, the Court accepts that the amount in con-

---

1. Plaintiff's improper reply brief (Doc. No. 18) is stricken. *See* M.D. Fla. Loc. R. 3.01(c) ("No party shall file any reply or further memorandum directed to the motion or response ... unless the Court grants leave.").

troversy has been satisfied when the plaintiff claims a sufficient sum in good faith, absent facts demonstrating to a legal certainty that the claim is really for less than the jurisdictional amount. *Federated Mut. Ins. Co.,* 329 F.3d at 807 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938), *superseded by statute on other grounds,* Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, Title X, § 1016(c), 102 Stat. 4670 (1988)). However, where the claim is for an indeterminate amount of damages, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Id.* (citation omitted); *see also Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir.2001) (citations omitted).

■ When the amount in controversy is not apparent on the face of the complaint, a court will permit the use of "deduction, inference, or other extrapolation of the amount in controversy"; however, these deductions and extrapolations are not without bounds. *See Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 753–54 (11th Cir.2010). Ultimately, when the specific factual allegations underlying jurisdiction are in doubt, the removing party must support these allegations with "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Id.* at 754. In the absence of reason, a court is left to conjure subject matter jurisdiction from thin air.

### B. *Motion to Dismiss*

When deciding a motion to dismiss based on a failure to state a claim upon which relief can be granted, the court must accept as true the factual allegations in the complaint and draw all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.,* 29 F.3d 1480, 1484 (11th Cir.1994) (per curiam) (citation omitted).

According to Federal Rule of Civil Procedure 8(a)(2), to state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Thus, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). In other words, the allegations in the complaint need to be sufficient "to 'raise a right to relief above the speculative level' on the assumption that all the allegations in the complaint are true." *Bingham v. Thomas,* 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citing *Twombly,* 127 S.Ct. at 1965). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal,* 129 S.Ct. at 1949 (citation omitted).

### C. *Motion to Strike*

■ Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "[m]otions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered 'time wasters', and will usually be denied unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Italiano v. Jones Chems., Inc.,* 908 F.Supp. 904, 907 (M.D.Fla.1995) (citations omitted).

## III. DISCUSSION

### A. Plaintiff's Motion to Remand

■ The Court first addresses Plaintiff's Motion to Remand because it presents a jurisdictional question. On February 10, 2015, Defendant removed this action pursuant to 28 U.S.C. §§ 1332 and 1446, asserting that this Court has diversity jurisdiction. (Doc. No. 1). Although there appears to be no dispute that the parties are diverse, Plaintiff moves to remand this case to the state court from whence it came because she claims that the amount in controversy requirement has not been satisfied. (Doc. No. 16). In addition, Plaintiff seeks attorneys' fees pursuant to 28 U.S.C. § 1447(c). (*Id.* at p. 1).

Quite honestly, the Court is perplexed by Plaintiff's motion to remand. The argument presented is so completely without merit that it is worthy of no extended consideration. The Court indulges Plaintiff nonetheless. In short, Plaintiff argues that because "there has been no determination of liability for damages under Count I," the value of this claim is "purely speculative" and is therefore "zero." (Doc. No. 16 at p. 4). However, using this reasoning, no underinsured motorist claim (as well as most other claims) would ever be removable to federal court. Under Plaintiff's theory, a party would need to come to federal court with some kind of pre-litigation "determination of liability." Of course, this is not what federal jurisdiction or the removal statute requires. As cited in Plaintiff's own papers, the determinative question is what amount is "in controversy;" not in what amount has there been a "determination of liability." *See* 28 U.S.C. §§ 1332, 1446.

Plaintiff's uninsured motorist benefits claim in Count I alone satisfies the amount in controversy requirement. (*See* Doc. No. 2 at pp. 2–3). On or about April 5, 2014, a car driven by an underinsured driver struck Plaintiff while she "was walking on State Road A1A" in Volusia County, Florida. (*Id.* at ¶¶ 4–5). As a result of the negligence of the underinsured driver, Plaintiff claims that she "suffered permanent bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money." (*Id.* at ¶ 9). Plaintiff alleges that the uninsured motorists coverage policy limits are "$100,000.00, among other coverages." (*Id.* at ¶ 10). To that end, Plaintiff demands "the full amount of the uninsured motorist benefits under the Policy." (*Id.* at p. 3). For Plaintiff to argue that the value of this claim is "zero" is nothing short of absurd.[2] Furthermore, this argument is entirely irreconcilable with Plaintiff's own allegations about the value of her claims. (*See id.* at ¶ 1 ("[T]his is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest where applicable and costs.")). Counsel should keep in mind his obligations under Federal Rule of Civil Procedure 11.[3]

---

2. It is equally astounding that Plaintiff's counsel requests attorney's fees upon remand. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) ("[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

3. In full, Federal Rule of Civil Procedure 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

Finally, Plaintiff attaches to its Complaint a Report and Recommendation from *Marquez v. State Farm Mut. Auto. Ins. Co.*, No. 6:14–CV–241–ORL–36, 2014 WL 2968452, at *4 (M.D.Fla. Mar. 13, 2014). Plaintiff argues that a finding that the amount in controversy on Count I is "zero" "would be entirely consistent with the ruling of United States Magistrate Judge Carla [sic] R. Spaulding" in *Marquez*. (Doc. No. 16 at pp. 4–5). However, had Plaintiff's counsel bothered to read that entire report, he might have discovered otherwise. The plaintiff in *Marquez* brought literally *the exact same claim* as Plaintiff brings here—a *$100,000 underinsured motorist claim* against *State Farm*. *Marquez*, 2014 WL 2968452, at *3. Judge Spaulding found that ordinarily the value of that claim would be $100,000; however, in *Marquez*, State Farm made a pre-suit payment of $30,000, making the total value of the underinsured motorist claim in that case to be $70,000. *Id.* at *7.[4] As to the bad faith claim in *Marquez*—again, the exact same claim Plaintiff brings in Count II in this case—Judge Spaulding stated that because a bad faith claim does not accrue until the underlying underinsured motorist claim is resolved, "the value of the bad faith claim ... is purely speculative and, as such, the value of [that] claim is zero." *Id.* This finding was significant in *Marquez* because the plaintiff's underinsured motorist claim had a value of $70,000, which is obviously below the juris-dictional threshold to maintain federal jurisdiction.

Although the Court declines to *sua sponte* award attorney's fees for defense of the motion to remand, Plaintiff's counsel is admonished that the level of practice displayed in this filing is well below the level expected of practitioners before the Court. The future filing of any frivolous motion may result in the Court awarding sanctions to Defendant in the form of attorney's fees.

### B. Defendant's Motion to Dismiss

■ In Count II, Plaintiff asserts a statutory bad faith claim against Defendant. (Doc. No. 2 at pp. 4–7). There is no dispute that this claim is premature. (Doc. No. 15 at p. 3). The only question for the Court to decide is whether this claim should be dismissed without prejudice or abated until resolution of the underlying coverage dispute. The Court recently addressed similar arguments presented by the parties here. *See Smith v. First Liberty Ins. Co.*, No. 6:14–cv–1871–Orl–22DAB (M.D.Fla. Mar. 18, 2015), (Doc. No. 16). In *Smith*, the Court exercised its discretion and dismissed, rather than abated, the plaintiff's bad faith claim. (*Id.* at p. 3). For the same reasons outlined in the *Smith* Order, the Court will dismiss Plaintiff's bad faith claim in Count II. (*See id.* at pp. 1–3).

■■ Count III of Plaintiff's Complaint "requests a declaration of the amount of

---

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed.R.Civ.P. 11(b).

4. Here, Plaintiff does not allege any kind of pre-suit payment, making her argument even more irrational.

damages, in excess of the policy limits, for purposes of establishing the damages recoverable" in Plaintiff's statutory bad faith claim. (Doc. No. 15 at p. 4).[5] In its motion, Defendant argues that this claim must be dismissed because no actual controversy exists. (Doc. No. 8 at pp. 7–9). The Court agrees with the authorities cited in Defendant's motion, as well as a majority of the courts which have recently addressed this issue. *See, e.g., Perez v. Gen. Ins. Co. of Am.*, No. 14–20009–CIV, 2014 WL 1384401, at *3 (S.D.Fla. Apr. 9, 2014) (Rosenbaum, J.) (dismissing declaratory judgment count as premature); *Gianassi v. State Farm Mut. Auto. Ins. Co.*, 60 F.Supp.3d 1267, 1271–72, 2014 WL 4999443, at *3–*4 (M.D.Fla.2014) (Presnell, J.) (same); *Smith v. 21st Century Centennial Ins. Co.*, No. 8:14–V–2531–T–26TBM, 2014 WL 5474591, at *1 (M.D.Fla. Oct. 29, 2014) (Lazzare, J.) ("Count III for declaratory relief must be dismissed because there is no actual controversy prior to the determination of the damages suffered in the underlying contract claim...."); *Lawton–Davis v. State Farm Mut. Auto. Ins. Co.*, No. 6:14–CV–1157–ORL–37, 2014 WL 6674458, at *3 (M.D.Fla. Nov. 24, 2014) (Dalton, J.) ("Plaintiff's bad-faith claim is premature and thus the parties are not presently in controversy over it and, in any event, a declaration as to liability and damages would not dispose of all issues necessary to completely resolve the bad-faith claim."); *Dela Cruz v. Progressive Select Ins. Co.*, No. 8:14–CV–2717–T–30TGW, 2014 WL 6705414, at *2 (M.D.Fla. Nov. 26, 2014) (Moody, J.) ("There is no actual controversy prior to the determination of the damages suffered in the underlying contract claim. Further, a declaration that quantifies an amount of damages for a future bad faith claim does not resolve the entire controversy because Plaintiff will still have to prove the insurer's bad faith."); *Shapiro v. Gov't Employees Ins. Co.*, No. 14–CIV–62792, 2015 WL 127897, at *3 (S.D.Fla. Jan. 8, 2015) (Bloom, J.) (dismissing similar declaratory judgment claim).[6]

As it now stands, there is no current and definite controversy in Count III before the court because Plaintiff's bad faith claim may never accrue. Moreover, even if the Court made a declaration as to the amount of damages, as Plaintiff requests,

---

**5.** Plaintiff's Complaint states that Count III is brought pursuant to Florida Statutes §§ 86.011–86.111 *et seq.* (Doc. No. 2 at ¶ 32). "Florida's Declaratory Judgment Act is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights." *See Vill. Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 6:09–cv–1711–Orl–31DAB, 2009 WL 4899402, at *2 (M.D.Fla. Dec. 11, 2009) (Presnell, J.) (citing *Nirvana Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 589 F.Supp.2d 1336, 1343 n. 1 (S.D.Fla.2008) (construing claim based on Florida's Declaratory Judgment Act as arising under 28 U.S.C. § 2201)); *see also Isola Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 08–21592–CIV, 2008 WL 5169458, at *7 n. 1 (S.D.Fla. Dec. 8, 2008) (considering the viability of a claim for declaratory judgment under the federal Declaratory Judgment Act even though the claim was originally filed, prior to removal, pursuant to Florida's declaratory judgment statute because this statute is a procedural mechanism that confers no substantive rights). Because Florida's procedural rules are inapplicable in this action, *see generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the Court, hearing this case following removal and based upon its diversity jurisdiction, considers the viability of Count III under the federal Declaratory Judgment Act. "As a practical matter, however, the elements required under the federal or state declaratory judgment acts are not materially different." *Nirvana*, 589 F.Supp.2d at 1343 n. 1.

**6.** The Court notes that Plaintiff's response to this argument is completely conclusory and lacks any analysis. (Doc. No. 15 at pp. 4–5).

this would not finally resolve a future bad faith claim because damages are just one element of such a claim. The Court therefore will also dismiss Count III.

### C. Motion to Strike Claim for Attorney Fees

 Under Florida law, a court may grant a motion to strike a demand for attorney's fees, where the plaintiff fails to plead a contractual or statutory basis or none exists. *Jones Chems., Inc.*, 908 F.Supp. at 907; *City of Winter Garden v. State ex rel. Wood*, 311 So.2d 396 (Fla. 4th DCA 1975). In Count I, Plaintiff seeks attorney fees pursuant to Florida Statute § 627.428. (Doc. No. 2 at ¶ 16). Section 627.428 states:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court ... shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1).

However, Section 627.727(8) states that "[t]he provisions of s. 627.428 do not apply to any action brought pursuant to this section against the uninsured motorist insurer unless there is a dispute over whether the policy provides coverage for an uninsured motorist proven to be liable for the accident." *Id.* § 627.727(8). Therefore, if there is not a dispute over whether the policy provides coverage, then Section 627.428 does not apply, and Plaintiff would not be entitled to attorney's fees. *Wappnick v. State Farm Mut. Ins. Co.*, 134 So.3d 968 (Fla. 4th DCA 2014).

Defendant suggests that Count I does not allege that it denied coverage to Plaintiff. (Doc. No. 8 at p. 9). Moreover,

Defendant argues, the civil remedy notice attached to the complaint shows that the dispute is over liability, not coverage. (*Id.* at pp. 9–10). In response, Plaintiff argues that this case, in fact, presents a coverage dispute and directs the Court to its allegations that (1) Defendant "is obligated to pay uninsured motorist benefits to Plaintiff" and (2) Defendant "has unjustifiably refused to honor its contractual obligations by failing to pay the full value of the uninsured motorist benefits owed to Plaintiff." (Doc. No. 15 at p. 5 (citing (Doc. No. 2 at ¶¶ 14, 15))).

The Court finds that the Complaint sufficiently articulates a basis for awarding attorney fees. While Defendant suggests that the Court must look at the exhibits as controlling, there appears to be no contradiction between the exhibits and the complaint: the Complaint alleges a coverage dispute and Defendant concedes that the civil remedy notice of insurer violation contains no mention of a coverage dispute. (*See* Doc. No. 8 at p. 10). Furthermore, the language Defendant quotes from the civil remedy notice is nothing more than a restating of Defendant's position. Of course, Defendant may answer the Complaint accordingly. As this case proceeds, Defendant may be correct that Plaintiff is not entitled to attorney's fees because this turns out to be a liability dispute and not a coverage dispute. However, Defendant is incorrect in suggesting that by Plaintiff restating Defendant's position in a civil remedy notice, Plaintiff somehow concedes that this dispute is about liability and not coverage. Nowhere in Plaintiff's Complaint does she make such an allegation. Therefore, at this time, the Court finds that a statutory basis for attorney's fees does exist and accordingly denies Defendant's motion to strike.

### IV. CONCLUSION

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. Plaintiff Mary M. Gilbert's Response to State Farm's Memorandum in Opposition to Plaintiff's Motion to Remand, filed on March 20, 2015 (Doc. No. 18) is **STRICKEN.**

2. Plaintiff's Motion to Remand, filed on March 3, 2015 (Doc. No. 16), is **DENIED.**

3. Defendant State Farm Mutual Automobile Insurance Company's ("Defendant") Motion to Dismiss Counts Two and Three and Motion to Strike Claim for Attorney Fees, filed on February 17, 2015 (Doc. No. 8), is **GRANTED** in part and **DENIED** in part.

 a. Defendant's Motion to Dismiss Counts II and III is **GRANTED.**

 b. Defendant's Motion to Strike Claim for Attorney Fees is **DENIED.**

4. Counts II and III of Plaintiff's Complaint are **DISMISSED.**

5. On or before April 15, 2015, Defendant State Farm Mutual Automobile Insurance Company's **SHALL FILE** an answer to Plaintiff's Complaint.