ROY B. DALTON JR., United States District Judge
Before the Court is Plaintiff Sandy Williams' motion to remand. (Doc. 14 ("Motion ").) Defendant LM General Insurance Company responded. (Doc. 15.) On review, the Motion is denied.
I. BACKGROUND
This insurance coverage dispute arises from a motor vehicle accident on September 17, 2018 involving Plaintiff and Jazmen Koht, an uninsured or underinsured driver ("Accident "). (Doc. 1-1, ¶¶ 5-6.) Ms. Koht allegedly caused the Accident by carelessly and negligently making a left turn into Plaintiff's path. (Id. ¶ 6.) At the time of the Accident, Plaintiff had an insurance policy with Defendant that provided $200,000 in uninsured/underinsured motorist coverage ("Policy ").[1] (Id. ¶ 4; see also Doc. 14, p. 2;
*1368 Doc. 1-1, p. 10 ("Policy Disclosure ").) Plaintiff contends Defendant refused to pay the full amount of her claim from the Accident, so she sued in state court on March 13, 2019 for: (1) uninsured motorist benefits; and (2) bad faith under Florida law. (See Doc. 1-1, ¶¶ 7-26.) As relief Plaintiff seeks, inter alia , "the full amount of uninsured motorist benefits under the Policy," the total amount of damages Plaintiff suffered, attorneys' fees, and post-judgment interest. (See id. at 4, 8.)
Defendant removed the case here on April 10, 2019, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 ("Notice ").) Relevant here, the Notice states that it is facially apparent from the complaint that the amount in controversy exceeds $75,000 based on the complaint's demand for the policy limits and allegations that Plaintiff is entitled to the policy limits and that her injuries were in excess of the policy limits. (See Doc. 1, ¶¶ 9-11.) Defendant then moved to dismiss the bad faith claim as premature (Doc. 3), and the Court granted the motion (Doc. 12). Now, Plaintiff moves to remand the action to state court challenging Defendant's establishment of the amount in controversy. (Doc. 14.) Briefing complete (see Doc. 15), the matter is ripe.
II. LEGAL STANDARDS
A defendant may remove "any civil action brought in a State Court of which the district courts ... have original jurisdiction." 28 U.S.C. § 1441. Federal district courts have original jurisdiction over all claims where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332. "A removing defendant bears the burden of proving proper federal jurisdiction." Leonard v. Enter. Rent a Car , 279 F.3d 967, 972 (11th Cir. 2002) (citing Williams v. Best Buy Co. , 269 F.3d 1316, 1319 (11th Cir. 2001) ). When a plaintiff pleads a non-specific amount of damages, this burden includes "prov[ing] by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams , 269 F.3d at 1319 (citations omitted); see also Roe v. Michelin N. Am., Inc. , 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). In such cases, "removal ... is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Pretka v. Kolter City Plaza II, Inc. , 608 F.3d 744, 754 (11th Cir. 2010) (quoting Williams , 269 F.3d at 1319 ). Otherwise, the district court should turn to the notice of removal, and may also consider supporting "affidavits, declarations, or other documentation" submitted by the removing defendant. Id. (citing Williams , 269 F.3d at 1319 ). Any doubts should be construed in favor of remand. Diaz v. Sheppard , 85 F.3d 1502, 1505 (11th Cir. 1996) (citation omitted).
III. ANALYSIS
Plaintiff argues remand is required because Defendant failed to establish that the amount in controversy exceeds $75,000 based on the complaint's allegation that "this is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00)."[2] (See Doc. 14, p. 1; Doc. 1-1, ¶ 1.) Plaintiff contends that Defendant's Notice falls short because: (1) policy limits alone cannot establish the amount in controversy; (2) Defendant improperly relied on Plaintiff's demand letter and premature bad faith claim to make its showing; and (3)
*1369 Defendant offered $0 and $500 to resolve Plaintiff's claims. (See Doc. 14.) Defendant counters that it is facially apparent from the complaint that the amount in controversy requirement is satisfied. (See Doc. 15.) On review, Defendant sufficiently established that the amount in controversy exceeds $75,000.
When analyzing the amount in controversy, "the relevant question is whether the plaintiff seeks damages in excess of the jurisdictional limit, not whether the plaintiff will actually recover sufficient damages." Alilin v. State Farm Mut. Auto. Ins. , No. 6:14-cv-1183-Orl-41DAB, 2014 WL 7734262, at *1 (M.D. Fla. Jan. 30, 2014) (citing Pretka , 608 F.3d at 751 ); see also S. Fla. Wellness, Inc. v. Allstate Ins. Co. , 745 F.3d 1312, 1315 (11th Cir. 2014) ("It is less a prediction of 'how much the plaintiffs are likely to recover,' than it is an estimate of how much will be put at issue during the litigation ...." (citations omitted)). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams , 269 F.3d at 1319.
Relevant here, "[w]here the insured seeks to recover to the fullest extent of coverage, the court can determine the amount in controversy by reference to the face of the policy." Baltazar v. Balboa Ins. Co. , No. 8:10-cv-2932-T-33MAP, 2011 WL 2020218, at *2 (M.D. Fla. May 24, 2011) (citing Warth v. State Farm Fire & Cas. Co. , 792 F. Supp. 101, 103 (M.D. Fla. 1992) ). While the existence of policy limits alone in excess of the jurisdictional threshold may be insufficient to establish the necessary amount in controversy, without more, here the plaintiff seeks the policy limits in her complaint, and evidence shows those limits exceed $75,000, thus it is facially apparent from the complaint that the amount in controversy requirement is satisfied. See, e.g., Keenan v. LM Gen. Ins. Co. , No. 6:17-cv-1426-Orl-40GJK, 2017 WL 6312853, at *1-2 (M.D. Fla. Nov. 17, 2017) ("Because Plaintiff asks for a judgment 'for the full amount of the uninsured motorist benefits under the Policy,' it is facially apartment from the Complaint that the amount in controversy exceeds the jurisdictional requirement."), report and recommendation adopted , 2017 WL 6312851 (M.D. Fla. Dec. 7, 2017). In such cases, the U.S. District Court for the Middle District of Florida has typically denied motions to remand, even when a removing defendant does not supply additional supporting evidence of actual damages.[3] See, e.g., id. ; Hudspeth v. Gov't Emps. Ins. Co. , No. 6:16-cv-1960-Orl-41KRS, 2016 WL 8221940, at *3-4 (M.D. Fla. Dec. 27, 2016), report and recommendation adopted , 2017 WL 495782 (M.D. Fla. Feb. 7, 2017) ;
*1370 Gilbert v. State Farm Mut. Auto. Ins. Co. , 95 F. Supp. 3d 1358, 1362-63 (M.D. Fla. 2015).[4]
Here, the uninsured motorist benefits claim clearly demands judgment for "the full amount of the uninsured motorist benefits" (Doc. 1-1, p. 4), which the Policy Disclosure shows total $200,000 (id. at 10). Indeed, Plaintiff even concedes the policy provided $200,000 in uninsured/underinsured motorist coverage. (Doc. 14, p. 2.) Further, although the complaint lacks specific allegations or evidence of the extent of Plaintiff's injuries, Plaintiff alleges in her bad faith claim that she "is entitled to the limit of uninsured motorist benefits under the Policy" and that she suffered "serious and permanent injuries ... the value of which were clearly in excess of the policy limits"-supporting that the amount in controversy requirement is met.[5] (See Doc. 1-1, ¶¶ 14, 19(c).) Because Plaintiff contends her damages exceed the policy limits of $200,000 in the uninsured motorist benefits claim (Doc. 1-1, p. 4), it is facially apparent from Plaintiff's complaint that the amount in controversy exceeds $75,000, so Defendant established that removal is proper. See, e.g., Keenan , 2017 WL 6312853, at *1-2 ; Hudspeth, 2016 WL 8221940, at *3-4.
Plaintiff's arguments in support of remand are rejected. The irony of the Plaintiff contending that the Defendant was in bad faith by not capitulating the full $200,000 policy limits in payment of the claim now contending that the same Defendant has failed to establish the requisite amount in controversy to provided federal jurisdiction is not lost on the Court. First, Plaintiff argues that her complaint demanded damages in excess of $15,000 and that policy limits alone are not indicators of the amount in controversy. (Doc. 14, pp. 3, 5; see also id. at 6-11.) But in the cases Plaintiff cites where policy limits were insufficient to establish the amount in controversy, the complaints did not explicitly demand the policy limits. See, e.g., Garrison v. Allstate Prop. & Cas. Ins. Co. , No. 8:18-cv-271-T-24-AAS, 2018 WL 1167329 (M.D. Fla. Mar. 6, 2018) (demanding damages in excess of $15,000 in the complaint, not the policy limits); Estate of Lamastus v. State Farm Mut. Auto. Ins. Co. , No. 6:16-cv-1980-Orl-22GJK, 2016 WL 11467237 (M.D. Fla. Dec. 19, 2016) (same); Houston v. Garrison Prop. & Cas. Ins. Co. , No. 8:14-cv-01944-EAK-MAP, 2014 WL 6469608 (M.D. Fla. Nov. 17, 2014)
*1371 (same). This distinction is not without a difference. Because Plaintiff's complaint explicitly demanded "the full amount of the insured motorist benefits under the Policy" (Doc. 1-1, p. 4), the Court is persuaded that the amount in controversy is the upper policy limit.
Next, Plaintiff argues that Defendant cannot rely on her bad faith claim, demand letter and settlement correspondence, or Civil Remedies Notice of Insurer Violations ("CRN ") to establish the amount in controversy. (Doc. 14, pp. 11-14.) But, as discussed above, allegations in bad faith claims may be considered in assessing the amount in controversy. See supra note 5. The same is true for the demand letters and CRN, although such evidence is unnecessary when the requisite amount in controversy is facially apparent from the complaint. See, e.g., Garrison , 2018 WL 1167329, at *2-3 (citing cases considering demand letters and CRNs in determining the amount in controversy); see also Hudspeth , 2016 WL 8221940, at *4 (noting that when the requisite amount in controversy is facially apparent, "a defendant need not submit additional evidence"). Here, Plaintiff's $200,000 settlement demand (Doc. 1-3, p. 2) and CRN-stating that her bad faith claim "may be remedied if [Defendant] agrees to tender its $200,000 underinsured motorist limits" (Doc. 1-1, p. 13)-reinforce the reasonable inference that the jurisdictional amount in controversy is satisfied, but the probative value of those documents is not central to that finding here. Hudspeth , 2016 WL 8221940, at *4 ("[A] case can be removable if it is facially apparent from the complaint that the amount in controversy exceeds $75,000.00." (citing Williams , 269 F.3d at 1319 )).
Last, Plaintiff argues that remand is appropriate because Defendant's $0 and $500 settlement offers evince Defendant's lack of a good faith belief that more than $75,000 is at issue here. (Doc. 14, pp. 2, 14-17.) "The fact that [the defendant] has failed to offer a settlement amount in excess of the jurisdictional limit is of no moment in the determination of the amount in controversy." Padilla v. Safeco Ins. Co. of Ill. , No. 6:18-cv-930-Orl-37TBS, 2018 WL 3202080, at *2 (M.D. Fla. June 28, 2018) ; see also Wilt , 2013 WL 6195768, at *8 ("A defendant's settlement offer is not evidence of a low amount in controversy because ... such an offer is likely to reflect defendant's belief that the plaintiff may be unable to establish liability."). Thus, Defendant's settlement offers are irrelevant to the amount in controversy inquiry.
Defendant's Notice establishes the requisite amount in controversy because it is facially apparent from the complaint that the disputed amount exceeds $75,000. (See Doc. 1, ¶¶ 9-11.) So the Motion is denied.[6] See Pretka , 608 F.3d at 754 (noting that removal is proper "if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.").
IV. CONCLUSION
It is ORDERED AND ADJUDGED that Plaintiff's Motion to Remand to State *1372 Court and Supporting Memorandum of Law (Doc. 14) is DENIED .
DONE AND ORDERED in Chambers in Orlando, Florida, on July 3, 2019.

The policy provided $50,000 in coverage per person, stacked with four vehicles. (Doc. 1-1, p. 10.)

Plaintiff does not contest the existence of diversity of citizenship. (Doc. 14, p. 1.) The Court finds that this requirement for jurisdiction under 28 U.S.C. § 1332 is met.

One case cited by Plaintiff reaches a contradictory result. See Meehan v. State Farm Mut. Auto. Ins. , No: 6:15-cv-490-Orl-22DAB, 2015 WL 13567353, at *2 & n.2 (M.D. Fla. June 2, 2015) (granting remand despite plaintiff's demand for full policy benefits totaling $100,000 because "defendant submitted no evidence to corroborate" the amount in controversy, and distinguishing from Gilbert based on the nature of the accident and severity of injuries described in complaint). Here, however, the Court is more persuaded by the reasoning in Keenan and Hudspeth finding that demands in complaints for the full policy limits alone, when in excess of $75,000, make it facially apparent that the amount in controversy exceeds the jurisdictional requirements, so corroborating evidence is unnecessary. See Keenan , 2017 WL 6312853, at *1-2 ; Hudspeth, 2016 WL 8221940, at *3-4 ; see also Baltazar , 2011 WL 2020218, at *2 ("Where the insured seeks to recover to the fullest extent of coverage, the court can determine the amount in controversy by reference to the face of the policy.").

Other federal courts in Florida have denied motions to remand in similar circumstances. See, e.g., Churchey v. Safeco Ins. Co. of Ill. , No. 16-14585-CIV-MARTINEZ/LYNCH, 2017 WL 888477 (S.D. Fla. Jan. 24, 2017) (finding the amount in controversy exceeded $75,000 based on the complaint's request for full policy benefits, concluding that "[a] plain language reading of the Complaint supports the inference that the Plaintiff brings the full $100,000 policy benefit into dispute").

Plaintiff contends that Defendant cannot rely on the unaccrued value of her bad faith claim to establish the requisite amount in controversy (Doc. 14, pp. 3, 11-12), but Defendant employs the allegations in the bad faith claim to show only that it is facially apparent that the amount in controversy exceeds $75,000 (see Doc. 15, pp. 7-8; Doc. 1, ¶ 10). Such allegations in a bad faith claim may be considered in determining if the amount in controversy is facially apparent from the complaint. See, e.g., Wilt v. Depositors Ins. Co. , No. 6:13-cv-1502-Orl-36KRS, 2013 WL 6195768, at *7 (M.D. Fla. Nov. 26, 2013) (finding it reasonable to infer from allegations of bad faith and damages in excess of the policy limits that the plaintiff was seeking damages up to the policy limits for the uninsured motorist benefits claim); see also Vaughn v. 21st Century Sec. Ins. Co. , No. 3:12cv410/MCR/CJK, 2012 WL 5904323, at *1-2 (N.D. Fla. Oct. 16, 2012) ("[I]n the face of his empathetic claims of bad faith ... a reasonable person would not think that [the plaintiff] has any intention of seeking a judgment in an amount less than the policy limits ....").

Plaintiff also requests attorney's fees and costs because "Defendant's claim that the jurisdictional amount is facially apparent from the Complaint and 'more likely than not' in excess of $75,000.00 is completely unsupported and without merit." (Doc. 14, p. 17.) "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp. , 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). As the Court found removal was proper, Plaintiff's request for attorney's fees and costs is due to be denied.